IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY RODRIGUEZ-ORTEGA AND
JOSHUA RODRIGUEZ,

      Plaintiff,

v.                                  No. 1:21-cv-01129-SCY-KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities, AND
NEW MEXICO DEPARTMENT OF HEALTH

      Defendants,

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT, THE NEW MEXICO HUMAN RIGHTS ACT, BREACH OF IMPLIED CONTRACT, BREACH OF GOOD FAITH AND FAIR DEALING, WHISTLEBLOWER PROTECTION ACT AND PETITIONS FOR WRIT OF CERTIORARI AND SUPPORTING MEMORANDUM**

Defendants David Rich and Kenneth Lucero in their official and individual capacities, and the New Mexico Department of Health ("Defendants"), by and through counsel of record, Miller Stratvert P.A. (Paula Maynes and Laura R. Ackermann) respectfully submit their Reply in Support of Their Motion to Dismiss Plaintiffs' Complaint for Violations of the Family and Medical Leave Act, the New Mexico Human Rights Act, Breach of Implied Contract, Breach of Good Faith and Fair Dealing, Whistleblower Protection Act, and Petitions for Writ of Certiorari ("Complaint").

I.    **COLLATERAL ESTOPPEL SHOULD BE APPLIED TO FACTS AND ISSUES ADJUDICATED AT THE STATE PERSONNEL BOARD HEARINGS**.

In Plaintiffs' Response to Defendants' Motion to Dismiss (the "Response"), Plaintiffs agree with the application of the four-part collateral estoppel test cited in the Motion to Dismiss (the "Motion"), and that if sufficient evidence is shown for this test, the district court will evaluate whether the party to be estopped had a full and fair opportunity to litigate the issue in the prior

1

litigation. [Motion, 12; Response, 4] Plaintiffs oppose collateral estoppel being applied arguing that Plaintiffs' *claims* were not decided in the prior adjudication and that they did not have a chance to fully litigate their claims.[1] [Response, 4-6] Defendants are not seeking the exclusion of Plaintiffs' claims, but rather to prevent the relitigation of ultimate facts or issues decided in the State Personnel Board ("SPB") hearings.

Plaintiffs cite *Chavez v. City of Albuquerque*, in support of their argument that the SPB did not have jurisdiction to hear Plaintiffs' claims alleged in the Complaint; however, the *Chavez* case is not analogous to this case because it did not concern issue preclusion, and the determination of a lack of jurisdiction was based on the city's statutory authority. 1998-NMCA-004, ¶ 12, 124 N.M. 479; [Response, 3-6] In *Chavez* exclusion was sought based on *claim* preclusion, unlike this matter in which Defendants are seeking exclusion based on *issue* preclusion. The Court's analysis of whether to grant exclusion based on issue preclusion is not the same analysis it would use in determining whether to grant claim preclusion. See *Sweat v. Rickards*, No. CV 15-00440 MV/LF, 2017 WL 3575869, at *4–5 (D.N.M. Mar. 30, 2017), aff'd, 712 F. App'x 769 (10th Cir. 2017) (contrasting claim preclusion, which bars a party from *relitigating a claim* on which final judgment has been rendered, with issue preclusion, which bars a party from *relitigating an issue* "once that party has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."). The *Chavez* Court's ruling is also distinguishable from this case because the basis for determining the city personnel board did not have jurisdiction was premised on both the districts court's authority and this particular city's "personnel board's limited statutory authority." *Id*.

---

[1] In the Response, Plaintiffs argued against collateral estoppel being applied to the New Mexico Human Rights Act ("NMHRA") claims; however, as stated in the Motion, Defendants' request does not apply to Plaintiffs' NMHRA claims. [Motion, n. 3; Response, 4]

As stated in the Motion, collateral estoppel is applicable to issues resolved in any administrative agency adjudicative decision that is rendered under conditions in which the parties have fully and fairly litigated the issues at the administrative hearing. [Motion, 12] This includes SPB decisions. *Arrellano v. New Mexico Dep't of Health*, No. 34,062, 2015 WL 1164426, at *4 (N.M. Ct. App. Feb. 9, 2015) (collateral estoppel applied in plaintiff's Whistleblower Protection Act claim stemming from SPB decision).

Plaintiffs argued against collateral estoppel for the FMLA claim asserting it was not necessarily determined, Plaintiffs did not have a full and fair opportunity to litigate the FMLA claim, and the SPB does not have jurisdiction over the FMLA claim. [Response, 5-6] In *Mascarenas v. City of Albuquerque*, the Court held that collateral estoppel could be applied to facts and issues for an FMLA claim adjudicated at a personnel board hearing, and that those facts and issues were actually litigated and necessarily determined because the reason for the termination was considered:

> The personnel board decided the issue of whether the City had just cause under the merit system ordinance to terminate Plaintiff's employment. ***The personnel board considered whether the City granted Plaintiff's FMLA leave and subsequently retroactively rescinded it, because it was necessary to consider the issue of whether Plaintiff voluntarily abandoned her employment***. Further, because the merit system ordinance requires a pre-termination hearing, the personnel board must have determined that the City held a proper pre-termination hearing in finding that the City provided appropriate discipline to Plaintiff.

2012-NMCA-031, ¶ 34, 274 P.3d 781.[2]  By determining that NMDOH had "just cause" to terminate Plaintiff Jeremy Rodriguez-Ortega ("Rodriguez-Ortega"), the SPB necessarily must have considered and determined whether Rodriguez-Ortega was terminated because of FMLA

---

[2] Plaintiffs state *Mascarenas* is not applicable because it involved a city personnel board and not the SPB; however, Plaintiffs cited the *Chavez* case as authority which also concerned a city personnel board. [Response, 4]

related reasons. The Recommended Decision shows that facts and issues supporting Plaintiffs' FMLA claim were adjudicated in Rodriguez-Ortega's SPB hearing. [Motion, Ex. E at 7, 14-15, Appendix A at 37] The *Arrellano* and *Mascarenas* cases established that collateral estoppel can be applied to issues and facts adjudicated in a SPB hearing that support a FMLA claim.

Rather than addressing the facts considered by the Court in *Mascarenas* to determine whether a party had a full and fair opportunity to litigate, Plaintiffs argued, "Defendant Rich's interference with Mr. Rodriguez-Ortega's FMLA in February is directly linked to his interference with Mr. Rodriguez-Ortega's FMLA in May. But ALJ Baca refused to consider anything outside the events Defendants mentioned in their Notice of Final Action." [Response, 6]; 2012-NMCA-031, ¶¶ 34-36. This FMLA issue was adjudicated by Administrative Law Judge Aaron Baca ("ALJ Baca") in Rodriguez-Ortega's SPB hearing. [Motion, Ex. E]

ALJ Baca stated in the Recommended Decision, that Rodriguez-Ortega was hospitalized in February 2020 for several days, did not notify his supervisor Defendant David Rich ("Rich") or NMDOH of his February 2020 hospitalization, and that NMDOH recorded Rodriguez-Ortega as being absent without leave for one day while he was hospitalized in February 2020. [Motion, Ex. E at 7, 14-15] ALJ Baca stated about Rodriguez-Ortega's testimony, "Mr. Rodriguez-Ortega described being hospitalized in February 2020, and that because he was being recorded as being AWOL for one day during that hospital stay that he believed the same would happen again for the May hospitalization, although he acknowledged he was approved to use FMLA benefits if needed." [Motion, Ex. E, Appendix A at 37] Plaintiffs' argument that the SPB did not consider whether Rich's alleged FMLA interference in February was "directly linked" to his interference with Rodriguez-Ortega's FMLA in May, is directly contradicted by ALJ Baca's Recommended

4

Decision, and the SPB's Final Decision that stated it was affirming Rodriguez-Ortega's dismissal after considering, among other things, the Recommended Decision. [Motion, Ex. E & H]

Notably missing from the Response is an argument directly contesting collateral estoppel of the facts stated in the Motion that support Plaintiffs' Whistleblower Protection Act ("WPA") claim. In the Motion, Defendants listed multiple allegations related to the sexual harassment investigation concerning Plaintiff Joshua Rodriguez ("Rodriguez") that were adjudicated in his SPB hearing. [Motion, 15-16] In *Arrellano*, the New Mexico Court of Appeals stated issue preclusion may apply to facts supporting WPA claims following an SPB decision, "[w]hile the WPA does not foreclose a party from pursuing both administrative and district court remedies, as this case amply illustrates, issue preclusion may nonetheless foreclose further proceedings when appropriate." *Arrellano*, No. 34,062, 2015 WL 1164426, at *4. By failing to specifically respond to Defendants' argument that the facts about the investigation should be collaterally estopped, Plaintiffs appear to have conceded that argument.

Plaintiffs should be collaterally estopped from relitigating facts and issues that were adjudicated in Rodriguez' and Rodriguez-Ortega's SPB hearings. Defendants request this Court collaterally estop Plaintiffs from relitigating those allegations in the Complaint.

II. **PLAINTIFFS' NMHRA CLAIMS SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**.

In the Response, Plaintiffs incorrectly state that "Defendants argue that Plaintiffs were required to list each and every incident that may remotely be considered discrimination, a hostile work environment and/or retaliation in his NMHRB charge in order for it to be properly exhausted." [Response, 6] Defendants are not arguing for such a broad standard. Defendants stated in the Motion, and Plaintiffs conceded in the Response, that Rodriguez and Rodriguez-Ortega were required to administratively exhaust "each discrete act of discrimination" with the

5

New Mexico Human Rights Bureau ("NMHRB") before filing the Complaint. [Response, 8; Motion, 17]

Plaintiffs argue in the Response that those facts which Defendants asserted were not exhausted for Rodriguez-Ortega were actually "continuing violations, as defined in *Charles* and *Ulibarri*" and for Rodriguez, "[n]early every example Defendants give as 'unexhausted' for Mr. Rodriguez are merely evidence of the overall hostile work environment or retaliation." [Response, 8] First, Plaintiffs have not alleged any facts to support a hostile work environment claim such as offensive conduct, the creation of an intimidating work environment, or that the work environment was objectively and subjectively hostile. *Ulibarri v. State of New Mexico Corr. Acad.*, 2006-NMSC-009, ¶ 12, 139 N.M. 193. The words "hostile work environment" are absent from the Complaint. Second, even if Plaintiffs have a hostile work environment claim, the continuing violation doctrine applies to allegations that have not been brought within the requisite time period, and does not concern the content of the allegations; continuing violation doctrine is "an equitable doctrine permitting a plaintiff to bring an otherwise *untimely* claim." (emphasis added.) *Id.*, at ¶ 9. The continuing violation doctrine is not relevant to this Court's analysis of whether the content of Rodriguez and Rodriguez-Ortega's NMHRB charges included each discrete act of discrimination alleged in the Complaint.

Plaintiffs argue in the Response, without citing any authority, that even if all of the information required to be included in an NMHRB charge were not included, Plaintiffs should be allowed to proceed with their NMHRA claims because Defendants had notice of Plaintiffs' claims, "[t]he entire premise of administrative exhaustion in based on giving notice, and clearly Defendants had proper notice of Mr. Rodriguez-Ortega's claims," and regarding Rodriguez' NMHRB charge, "…the point of the administrative exhaustion process is to put employers on

6

notice of the allegations against them." [Response, 7-8]  The New Mexico Courts have provided guidance on the purpose of the "long-standing doctrine of exhaustion of administrative remedies under which a party is ordinarily required to pursue relief from an administrative agency, where available, before seeking redress from the courts." *City of Las Cruces v. New Mexico Pub. Regul. Comm'n*, 2020-NMSC-016, ¶ 22, 476 P.3d 880.  Because the NMHRA statute requires administrative remedies to be exhausted through the NMHRB, administrative remedies must be exhausted for this Court to have jurisdiction over the case, "If a statute explicitly requires a party to exhaust particular remedies as a prerequisite to judicial review…the statutorily mandated exhaustion requirements are jurisdictional. A court cannot excuse a petitioner from complying with an explicit and detailed statutory duty to exhaust administrative remedies." *Matter of Est. of McElveny*, 2017-NMSC-024, ¶ 23, 399 P.3d 919 (*citing* II Richard J. Pierce, Jr., *Administrative Law Treatise*, § 15.2, at 1219-20); *See* NMSA 1978, § 28-1-10 (2000), *Jaramillo v. J.C. Penney Co.*, 1985-NMCA-002, ¶ 3, 102 N.M. 272 ("The comprehensive nature of the Act [NMHRA] supports the conclusion that the legislature intended that the grievance procedure is mandatory when unlawful discriminatory practices are alleged.").

The *McElveny* Court stated the reasons behind the exhaustion of remedies doctrine, which included: 1) "the agency, like a trial court, is created for the purpose of applying the statute;" 2) "certain very practical notions of judicial efficiency;" 3) "it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages;" 4) "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures;" and 5) "unnecessary duplication and conflicts may arise if exhaustion is not mandated."  *Id*. ¶ 25 (citing *McKart v. United States*, 395 U.S. 185, 193-95 (1969)); *See*

*Whitney Nat'l Bank in Jefferson Par. v. Bank of New Orleans & Trust Co*., 379 U.S. 411, 422 (1965)). Defendants' knowledge of Plaintiffs' allegations is not relevant, nor does it excuse Rodriguez and Rodriguez-Ortega's failure to exhaust their administrative remedies with the NMHRB.

As Plaintiffs have recognized, Rodriguez and Rodriguez-Ortega were required to include in their NMHRB charges each discrete act of discrimination. [Response, 8] The Motion states multiple acts of discrimination Plaintiffs alleged in the Complaint, that were not included in the NMHRB charges. Because Rodriguez and Rodriguez-Ortega failed to comply with the NMHRB's statutorily required grievance procedure, this Court does not have jurisdiction over their NMHRA claims and should not allow them to proceed with those claims in this case. *See Sabella v. Manor Care, Inc*., 1996-NMSC-014, ¶ 9, 121 N.M. 596 ("full compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court."). Because Rodriguez and Rodriguez-Ortega did not allege in their NMHRB charges each discrete act of discrimination that Plaintiffs have alleged in the Complaint, Plaintiffs' NMHRA claims should be dismissed.

III. **PLAINTIFFS' FMLA INTERFERENCE CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

The parties agree on the elements for an FMLA interference claim, and that the *McDonnell Douglas* burden-shifting framework is not applicable to an FMLA interference claim. [Motion, 21; Response, 9]; *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). In the Response, Plaintiffs contend that the failure to provide the date for computation of the notice period is not a basis for dismissing the claim. [Response, 10] However, it is Plaintiffs who are alleging a violation based on a failure to timely notify Rodriguez-Ortega of his FMLA rights by, "failing to provide notice within 5 business

8

days when they first learned he was taking leave related to his medical condition in or after July 2019." [Compl. ¶ 102] Plaintiffs cannot sustain an allegation that Rich failed to timely notify Rodriguez-Ortega without alleging the date they claim that Rich first learned he was taking leave. Even if a date had been alleged, Rodriguez-Ortega was not prejudiced by an alleged untimely notice because the Tenth Circuit in *Branham v. Delta Airlines* held it will not find an employer has failed to meet its notification obligations when an employee has already received FMLA leave. [Motion, 21-22]; 678 F. App'x 702, 705–06 (10th Cir. 2017). Rodriguez-Ortega received FMLA leave on three occasions while working for NMDOH. [Motion, 22]

Plaintiffs cite to the *Ortega v. San Juan Coal Co.* case arguing that an employer cannot avoid liability based on the claim that the employee was dismissed for reasons unrelated to FMLA leave. [Response, 11]; *Ortega v. San Juan Coal Co.*, No. 12-CV-0501 MV/RHS, 2013 WL 12116377, at *19 (D.N.M. Oct. 3, 2013). The *Ortega* case is distinguishable though because the *Ortega* Court acknowledged that its facts were case specific and explained at length why its holding did not disrupt the established precedent of *Bones v. Honeywell International, Incorporated* and *Twigg v. Hawker Beechcraft Corporation* cases:

> *Bones* and *Twigg* are distinguishable because the company attendance policies at issue in those cases did not conflict with the regulation implementing the FMLA, i.e., Section 825.303(c)...The Plaintiff here ***challenges the Defendant's enforcement of its Attendance Policy*** on a ground other than that the Plaintiff's absences were protected by the FMLA. Rather, the Plaintiff also argues that ***the Policy***, as applied by the Defendant to the Plaintiff's absences, ***is inconsistent with Section 825.303, (cite omitted) and that the Attendance Policy itself is unlawful to the extent that it conflicts with Section 825.303(c).***

(emphasis added.) *Id.* at *20-22 (referring to *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869 (10th Cir. 2004), *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011)).

The holdings in *Bones*, *Twigg*, and *Branham* that an employee does not have an actionable claim when the employee was terminated for a reason unrelated to taking FMLA leave, is

9

controlling. *Bones*, 366 F.3d at 877; *Twigg*, 659 F.3d at 1009; *Branham*, 678 F. App'x at 705. The *Ortega* case is distinguishable from this case, because Plaintiffs have not alleged NMDOH's attendance policy violates the FMLA. [Compl. ¶¶ 95-111] In fact, they are not alleging the claim against NMDOH for a policy that violates FMLA, but rather against Rich in his individual capacity. [*See generally* Compl. Count I]

NMDOH had a valid reason to terminate Rodriguez-Ortega unrelated to his taking FMLA leave, namely his violation of NMDOH's Absences and Other Leave (HR. 08.13) policy which required termination of Rodriguez-Ortega's employment. [Motion, Ex. C] Therefore, Plaintiffs do not have an actionable FMLA interference claim and the claim should be dismissed.

IV. **PLAINTIFFS FAILED TO PROPERLY FILE NOTICES OF APPEAL OF THE SPB DECISIONS**.

The statutes that are enacted by the New Mexico legislature and the rules of this Court are not "semantics" as claimed by Plaintiffs. [Response, 11] As with the mandatory NMHRA grievance procedure, NMSA 1978, Section 39-3-1.1, Rule 1-074 NMRA, and NMSA 1978, Section 10-9-18, cannot be disregarded or dismissed. Section 10-9-18 provides an appeal process for Plaintiffs to appeal the SPB's decisions to the district court. Section 39-3-1.1(C) and Rule 1-074 informed Plaintiffs to file the notices of appeal within thirty days of the filing of the SPB decisions. Plaintiffs chose not to comply with these statutes and rules in filing the Petition for Writ of Certiorari for Rodriguez-Ortega SPB decision as Count VII in Plaintiffs' October 12, 2021 Complaint. *See Complaint,* filed in D-101-CV-2021-02211, October 12, 2021. After Defendants filed their Motion to Dismiss the October 12, 2021 Complaint notifying Plaintiffs that a Notice of Appeal should have been filed instead of the Writ of Certiorari as a count in the Complaint, Plaintiffs filed their January 8, 2022 Amended Complaint, listing as Counts VII and VII Petitions for Writ of Certiorari for Rodriguez and Rodriguez-Ortega. [Docs. 8, 18]

Plaintiffs argue that Defendants have not pointed to any case law that states a Writ of Certiorari cannot be substituted for a Notice of Appeal, and Defendant's counsel is not aware of case law to support that proposition. [Response, 12]  The statutes and rules state Plaintiffs must file a Notice of Appeal though, and as the party that is trying to not follow the rules, it is upon Plaintiffs to provide a reason why they may file the incorrect documents with the Court.  Plaintiffs argued that a Writ of Certiorari provides more information than a Notice of Appeal and should be accepted; however, this would allow individual parties to pick and choose which documents the party prefers to file rather than following the applicable rules and statutes.  [Response 11-13] Plaintiffs further argue that Defendants have not complied with their duty to respond to a Notice of Appeal, a document which does not exist, and that the SPB failed to prepare the record after receiving a Complaint which included a Petition for Writ of Certiorari and did not state it was a Notice of Appeal.  [Response, 13-14]  Confusion is what occurs when parties do not follow the rules.  Plaintiffs cannot hold others to a standard for a Notice of Appeal that was never filed. Plaintiffs have intentionally disregarded the statutes and rules they are required to abide by when they filed the January 8, 2022 Complaint that included two counts petitioning for writs of certiorari, even after being made aware of the incorrect filing in Defendants' December 8, 2021 Motion to Dismiss.  Counts VII and VIII should be dismissed.

V.     **CONCLUSION**.

New Mexico case law supports Plaintiffs being collaterally estopped from asserting facts and issues adjudicated in the SPB hearings.  Rodriguez and Rodriguez-Ortega have failed to exhaust their administrative remedies with the NMHRB and therefore their NMHRA claims should be dismissed.  Plaintiffs cannot state a claim upon which relief can be granted for the FMLA interference claim because they failed to provide critical information for their untimely notice

claim, and because Rodriguez-Ortega was dismissed for reasons unrelated to FMLA leave. Plaintiffs failed to properly appeal their SPB decisions, even after being notified of the applicable rules and statutes for filing an appeal of a SPB decision, therefore Counts VII and VIII should be dismissed. For these reasons, Defendants ask this Court to grant their Motion.

                Respectfully submitted,

                MILLER STRATVERT P.A.

                By: */s/ Laura R. Ackermann*
                    Laura R. Ackermann
                    Paula Maynes
                    Attorneys for Defendants
                    P.O. Box 25687
                    Albuquerque, New Mexico 87125
                    Telephone: (505) 842-1950
                    Facsimile: (505) 243-4408

I HEREBY CERTIFY that a true and
correct copy of the foregoing was
mailed this 21st day of February, 2022 to:

Heather Burke
Attorney at Law
*Attorney for Plaintiffs*
1000 Cordova Place #24
Santa Fe, New Mexico 87505
Phone: (505) 428-9424
Email: heather@hburkelaw.com


By: */s/ Laura R. Ackermann*
Laura R. Ackermann