IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEREMY RODRIGUEZ-ORTEGA and**
**JOSHUA RODRIGUEZ,**

  **Plaintiffs,**

v.              Civ. No.  21-cv-01129 JCH/KK

**DAVID RICH, KENNETH LUCERO,**
**in their official and individual capacities, and**
**NEW MEXICO DEPARTMENT OF HEALTH,**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER

  This matter is before the Court on *Plaintiffs' Opposed Motion to Exclude Administrative Record and/or Proceed De Novo* (ECF No. 34). This case arises out of the termination of the respective employments of Plaintiffs Jeremy Rodriguez-Ortega and Joshua Rodriguez, twin brothers who were both employed by the New Mexico Department of Health ("NMDOH"). Plaintiffs appealed their respective termination decisions, but they have encountered difficulties procuring the administrative records in their cases. Having considered the motions, briefs, evidence, and law, the Court will deny Plaintiffs' motion to exclude the administrative record or to proceed de novo. Instead, the Court will issue a notice clarifying that Plaintiffs timely filed notices of appeal in accordance with NMRA 1-074, which Plaintiffs should submit to the State Personnel Office's Adjudication Division. The Court finds that this remedy may be enough to secure the administrative record from the Adjudication Division for this Court's use in ruling on Plaintiffs' appeals without the need for the more extraordinary remedy Plaintiffs seek.

I.      PROCEDURAL BACKGROUND

The facts alleged in Plaintiffs' amended complaint are set forth in this Court's Memorandum Opinion and Order (ECF No. 26). The Court will not repeat those facts here but incorporates them by reference. (*See* Mem. Op. and Order 2-7, ECF No. 26.) The procedural posture of the case, however, is more relevant to the resolution of Plaintiffs' motion.

Joshua Rodriguez received a Notice of Final Action, terminating his employment, on May 19, 2020. (Am. Compl. ¶ 78, ECF No. 18.) He appealed his termination to the State Personnel Board, which accepted his appeal on June 12, 2020. (*Id.* ¶ 78, 84.) Effective July 25, 2020, NMDOH terminated Jeremy Rodriguez-Ortega's employment. (*Id.* ¶ 83.) Following their terminations, Plaintiffs filed charges of discrimination with the New Mexico Human Rights Bureau ("NMHRB"), and they received an order of non-determination dated July 15, 2021. (*Id.* ¶ 10.)

On August 18, 2021, Administrative Law Judge ("ALJ") K. Janelle Haught upheld Joshua Rodriguez's termination. (*Id.* ¶ 85.) After Joshua Rodriguez filed objections to the decision, the SPB issued a decision against him on September 17, 2021. (*See id.* ¶¶ 86-93.) On October 12, 2021, Plaintiffs filed a complaint in First Judicial District Court, Santa Fe County, New Mexico, asserting claims against David Rich, Kenneth Lucero, and the NMDOH for violations of the Family and Medical Leave Act ("FMLA") and other state law claims. (*See* Compl., ECF No. 1-1.) Count VII of the state court complaint, titled "Petition for Writ of Certoiari," asserted Joshua Rodriguez's appeal to the district court of the SPB's September 17, 2021, termination decision pursuant to NMSA § 39-3-1.1, NMSA § 10-9-18, and Rule 1-074 NMRA. (*Id.* ¶¶ 170-71.)

On October 14, 2021, ALJ Aaron Baca determined there was good cause for Jeremy Rodriguez-Ortega's termination and recommended this finding to the SPB. (Am. Compl. ¶ 194,

2

ECF No. 18.) On November 24, 2021, Defendants removed the state court case to federal court. (Notice of Removal, ECF No. 1.) After Jeremy Rodriguez-Ortega appealed his termination to the SPB, the SPB on December 10, 2021, approved ALJ Baca's decision that there was just cause to terminate his employment. (Am. Compl. ¶ 195, ECF No. 18.)

On January 8, 2022, Plaintiffs amended their complaint to add Count VIII, Jeremy Rodriguez-Ortega's appeal to the district court of the SPB's December 10, 2021, approval of the termination decision. (*Id.* ¶¶ 189-200.) Although entitled as a petition for writ of certiorari, Rodriguez-Ortega clearly stated that he "appeals his termination to District Court" under NMSA § 39-3-1.1, NMSA § 10-9-18, and Rule 1-074 NMRA. (*Id.* ¶ 190.) He argues in Count VIII that the SPB decision was contrary to law, not supported by substantial evidence, clearly erroneous, and in violation of the FMLA. (*See id.* ¶¶ 196-200.)

The amended complaint also carries over claims from the initial complaint: Jeremy Rodriguez-Ortega's claims against Defendant Rich in his individual capacity for FMLA interference (Count I) and FMLA retaliation (Count II); both Plaintiffs' claims against Defendants Rich, Lucero, and the NMDOH for violation of the New Mexico Human Rights Act ("NMHRA") based on disability or serious medical condition (Count III); Joshua Rodriguez's claims against NMDOH for breach of implied contract (Count IV), breach of good faith and fair dealing (Count V), and violation of the New Mexico Whistleblower Protection Act ("NMWPA") (Count VI). In the amended complaint, Joshua Rodriguez continues to appeal the SPB termination decision to district court on the basis that it was not supported by substantial evidence, was not fair, was arbitrary and capricious, and is contrary to law. (Am. Compl. 15-27, ECF No. 18.).

Defendants subsequently filed a motion to dismiss the amended complaint on various grounds. (Defs.' Mot. to Dismiss, ECF No. 23.)  In a February 9, 2023, Memorandum Opinion

3

and Order, this Court granted the motion in part, but denied it as to the dismissal of Counts I, III, VII, and VIII. (Mem. Op. and Order 1, ECF No. 26.) Most importantly for this motion, the Court rejected Defendants' argument that Plaintiffs' appeals of the termination decisions should be dismissed for failing to comply with the rules by filing respective writs of certiorari instead of notices of appeal. (*Id.* at 8.) The Court explained that, although Plaintiffs misnamed their claims in the title of the respective counts, the factual and legal assertions made clear that they were filing notices of appeal to the district court. (*Id.* at 8-9.) This Court also determined that Plaintiffs sufficiently served the notices of appeal on Defendants. (*Id.* at 9-10.)

The Court, however, agreed with Defendants that Plaintiffs failed to file a certificate in the district court stating that satisfactory arrangements had been made with the agency for preparation of and payment for the record of the administrative proceedings, as set forth in NMRA 1-074(F)(2). (*See id.* at 9-11) This Court found significant that Plaintiffs emailed Annette Lopez of the State Personnel Office ("SPO"), notifying her of the respective appeals and attaching the respective complaints, (*id.* at 10), and that Defendants did not dispute that emailing Ms. Lopez was the procedure for filing a document with the SPO, (*id.*). Although the State Personnel Office failed to prepare the record, Defendants suggested that the reason for the agency's lack of action may have been because they construed Plaintiffs' complaint not to contain proper notices of appeal. (*Id.*) This Court then set forth its ruling and reasoning in declining to dismiss Counts VII and VIII:

> Defendants have not cited authority for the proposition that a plaintiff's notice of appeal must be dismissed with prejudice for failing to file the certificate. Given that Plaintiffs filed with the state agency the notices of appeal in a timely manner, but the state agency did not respond (potentially due to an overly restrictive interpretation of Counts VII and VIII), the proper remedy is to permit Plaintiffs to make the requisite preparations with the agency for the record for the appeal. The Court will grant Plaintiffs an additional 14 days to arrange with the agency the preparation of the record and to file a notice with this Court of the status of the preparation of the administrative record.

(*Id.* at 10-11.)

Subsequently, on February 20, 2023, Plaintiffs filed a *Notice of State Personnel Board's Refusal to Transmit Record* (ECF No. 28). In the Notice, counsel explained that she again emailed Annette Lopez, a paralegal and legal assistant in the SPO, on February 16, 2023, informing her of this Court's order that Plaintiffs arrange with the SPO for the preparation and transmission of the record to this Court. (Pl.'s Ex. 1, ECF No. 28-1.) Ms. Lopez responded by email that the "New Mexico State Personnel Board is unable to comply" with the request because the office "was not provided with a receipt of a filed Notice of Appeal in either case." (*Id.*) She further set forth the requirement for the Adjudication Division to prepare a record proper for the district court: "only upon notification (receipt of a notice of appeal with appropriate District Court stamped endorsement) from the appealing party that an appeal has been filed." (*Id.*)

On March 7, 2023, Plaintiffs filed the motion at issue here. According to the motion, Plaintiffs learned on February 21, 2023, that Teresa Padilla had been appointed to SPO Director while SPB adjudicated Plaintiffs' appeals, even though she had been involved in the appeals. (*See* Pls.' Mot. 2, ECF No. 34.) Ms. Padilla was employed as the Deputy Director for the SPO on September 18, 2021, the day after the SPB ruled against Joshua Rodriguez but before the SPB ruled on Jeremy Rodriguez's appeal. (*See id.* at 2-3; Pls.' Ex. 1, ECF No. 34-1.) Ms. Padilla was appointed Director in July 2022, which was after the SPB ruled on both appeals. (Pls.' Ex. 1, ECF No. 34-1; Pls.' Mot. 2, ECF No. 34.)

According to Plaintiffs' amended complaint, Teresa Padilla was involved in a meeting between Jeremy Rodriguez-Ortega and David Rich on March 2, 2020, concerning his work absences where Rodriguez-Ortega was informed his job duties were being

5

reassigned and was encouraged to seek early disability retirement. (*See* Am. Compl. ¶¶ 27-31, ECF No. 18.) Rodriguez-Ortega asserted in his September 14, 2020, NMHRB charge that he suffered discrimination by the NMDOH, Rich, and Teresa Padilla based on sexual orientation, disability, and serious medical condition beginning on March 10, 2020, and continuing until July 24, 2020. (Defs.' Ex. D, ECF No. 23-4 at 3-4 of 4.) He did not, however, name her as a defendant either in his initial or amended complaint. (*See* Compl, ECF No. 1-1; Am. Compl., ECF No. 18.)

In their motion to exclude the administrative record, Plaintiffs argue that there is an appearance of impropriety because Ms. Padilla was involved in the wrongdoing Rodriguez-Ortega charged, was a witness for the defense, and gave testimony in Rodriguez-Ortega's appeal, yet after her transfer, it was her own employees adjudicating Plaintiffs' appeals. (Pls.' Mot. 2-5, ECF No. 34.) Plaintiffs further attached evidence indicating that the ALJs adjudicating Plaintiffs' appeals received raises on May 2021 and September 2021. (*Id.* at 3; Pls.' Ex. 2 & 3, ECF No. 34-2 & 34-3.) Plaintiffs contend that it was a violation of constitutional due process to be denied a neutral and impartial adjudication of their property interest in continued public employment and that it is unlikely coincidental that Ms. Padilla was working as Deputy Director and Director when the SPO denied Plaintiffs' requests to transmit the administrative record. (Pl.'s Mot. 4-5, ECF No. 34.) Consequently, Plaintiffs ask this Court to dispense with the requirement that Plaintiffs file the administrative record, and instead, review her appeal de novo because of the clear appearance of impropriety and the refusal of the SPB to transmit the record. (*Id.* at 5.)

Defendants oppose the motion, noting that Plaintiffs failed to pursue the matter further with Ms. Lopez's supervisor or an SPO manager or to cite any legal authority in

6

their motion to support their requested relief. (Defs.' Resp. 1-2, ECF No. 35.) Defendants instead suggest that, to secure the administrative record, Plaintiffs should contact someone in SPB management or seek an Order from this Court stating that Plaintiffs' writs of certiorari satisfy Rule 1-074. (*Id.* at 2.) Finally, Defendants argue that Plaintiffs' multiple allegations of improper interference, collusion, and attempts to derail the appeal could not be reviewed without examining the administrative decisions to understand the adverse rulings and compare them to the allegations of impropriety, so Plaintiffs' request to pursue their appeals without the underlying record should be denied. (*Id.* at 4.)

After briefing was completed on the motion to exclude the administrative record, on May 25, 2023, Plaintiffs filed an *Opposed Motion for Leave to Amend Complaint* (ECF No. 38), seeking to add claims against Teresa Padilla for FMLA interference, FMLA retaliation, violation of the NMHRA, and violation of 42 U.S.C. § 1983 based on interference with their due process right to a fair hearing. The latter claim arises from the allegations that Ms. Padilla's employment with the SPB while it was adjudicating Plaintiffs' appeals created the appearance of impropriety and injected bias into the decisions. (*See* Proposed Compl. ¶¶ 215-233, ECF No. 38-1.) Defendants oppose amending the complaint to add the NMHRA and FMLA claims against Ms. Padilla based on failure to exhaust administrative remedies and statute of limitations grounds. (*See* Defs.' Resp. 1, 11-16, ECF No. 39.) Defendants did not argue that the Court should deny leave to amend the due process claim against Teresa Padilla individually. (*See id.*) Notably, the proposed amended complaint once again contains Plaintiffs' appeals of the termination decisions. (*See* Proposed Compl. ¶¶ 185-214, ECF NO. 38-1.) Resolution of the motion for leave to amend will not affect the Court's decision herein. The Court will thus resolve the motion

7

to amend later in a separate Memorandum Opinion and Order and turn herein only to the motion to exclude the administrative record and for de novo review.

## II.     ANALYSIS

In reviewing an appeal of an administrative decision, a court does not have unfettered discretion but must determine whether the administrative decision comports with legal principles. *Tapia v. City of Albuquerque*, 1996-NMCA-025, ¶ 13, 104 N.M. 117. A court must decide whether the hearing officer's decision was arbitrary, capricious, supported by substantial evidence and within the scope of the administrative body. *Id.* ¶ 15. The court must view the evidence presented in the light most favorable to the hearing officer's decision. *Id.* ¶ 16. Consequently, the district court must review the administrative record that the hearing officer considered in deciding those legal questions. *Id.* ¶ 15. *See also Federal Power Commission v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 582 (1976) (explaining that judicial review of administrative decisions should be the administrative record already in existence).

Defendants are correct that Rule 1-074 does not expressly allow for the relief of exclusion of the administrative record. Moreover, the case law points to the standard of review this Court must use in resolving appeals of administrative decisions, which requires this Court to review the administrative record. Plaintiffs have failed to offer an alternative source of authority to allow the Court to dispense with the administrative record and conduct a de novo review. But even assuming that the Court's inherent powers include the relief Plaintiffs seek, the Court will not order such extraordinary relief on the present record.

Rule 1-074 requires the aggrieved party to file with the agency "a copy of the notice of appeal that has been *endorsed by the clerk of the district court*." NMRA 1-074(C)(2) (emphasis added). Ms. Lopez's email instructs Plaintiffs to file a notice of appeal "with appropriate District Court stamped endorsement." (Pl.'s Ex. 1, ECF No. 28-1.) Plaintiffs attached as an exhibit to their response to the motion to dismiss their emails to Ms. Lopez saying the stamped copy of the appeal was attached, but the Court does not have in the record the attachments themselves to verify that Plaintiffs submitted to the SPO the appropriate district court stamped endorsements. But even assuming Plaintiffs emailed the proper endorsed copies, the Court is not yet convinced that the SPO will not produce the administrative record once it receives clarification of this Court's rulings that Plaintiffs filed notices of appeal that complied with Rule 1-074.

To attempt to avoid any further ambiguity, the Court will enter a separate Notice of Findings and Conclusions contemporaneously with this Memorandum Opinion and Order plainly stating that the Court finds that Plaintiff Joshua Rodriguez's "Count VII: Petition for Writ of Certoiari" set forth in his Complaint filed on October 12, 2021, in the First Judicial District Court, Santa Fe County, constitutes the filing with the district court of a notice of appeal in accordance with Rule 1-074. The Court will likewise state its finding that Plaintiff Jeremy Rodriguez-Ortega's "Count VIII: Petition for Writ of Certoiari" set forth in the amended complaint filed on January 18, 2022, in the United States District Court for the District Court of New Mexico constitutes the filing with the district court of a notice of appeal in accordance with Rule 1-074.

**If Plaintiffs did not already email to the SPO the aforementioned stamped endorsed original complaint and a copy of the filed amended complaint, Plaintiffs**

9

**must submit these documents to the SPO within TEN DAYS of entry of this Memorandum Opinion and Order. Plaintiffs must also within TEN DAYS of this Order submit to the SPO a copy of this Memorandum Opinion and Order and a copy of the Court's contemporaneously filed Notice of Findings and Conclusions. If within TEN DAYS of Plaintiffs submission(s) to the SPO Plaintiffs have not learned that the SPO will prepare the record proper, Plaintiffs must attempt to communicate with Ms. Lopez, and if necessary, with one or more of her supervisors, to try to obtain the record proper. Within THIRTY DAYS of entry of this Memorandum Opinion and Order, Plaintiffs must file a notice with this Court stating the status of the preparation of the administrative record. If Plaintiffs have been unsuccessful in their efforts, Plaintiffs should set forth all steps they took to secure the record proper and include copies of the written communications between them and the SPO.** The Court has confidence that this clarification may yield results, and thus, the Court finds that additional relief is not warranted at this time.

Plaintiffs nonetheless argue that this Court does not need the administrative record because it can overturn the administrative decision based on improper bias or the appearance of impropriety alone. Plaintiffs are correct that parties to an administrative adjudication have due process rights to a fair and impartial hearing before a disinterested trier of fact who is free from bias. *See Benavidez v. Bernalillo County Bd. of County Comm'rs*, 2021-NMCA-029, ¶ 32, 493 P.3d 1024. Where a "due process violation claim is based on alleged bias on the part of the fact-finder, as here, '[t]he inquiry is not whether the [fact-finders] are actually biased or prejudiced, but whether, in the natural course of events, there is an indication of a possible temptation to an average [person] sitting as a

judge to try the case with bias for or against any issue presented[.]" *Id.* ¶ 33 (quoting *Reid v. N.M. Bd. of Exam'rs in Optometry*, 1979-NMSC-005, ¶ 7, 92 N.M. 414). The record is not yet developed on this due process argument, and thus the Court is not now in a position to decide the merits of it or decide definitively that it will not need the administrative record to evaluate Plaintiffs' other arguments concerning the notices of appeal. The Court will therefore deny Plaintiffs' request for the Court to conduct de novo review of their appeals and instead enter the Notice of Findings and Conclusions to clarify for the SPO that Rule 1-074 has been satisfied and it should transmit the administrative record to this Court.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Opposed Motion to Exclude Administrative Record and/or Proceed De Novo* (**ECF No. 34**) is **DENIED**. Plaintiffs are hereby ordered to follow the steps outlined herein to arrange for the administrative record.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**