IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY RODRIGUEZ-ORTEGA AND
JOSHUA RODRIGUEZ,
    Plaintiffs,

v.                                                            No. 1: 21-cv-01129-JCH-KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities, AND
NEW MEXICO DEPARTMENT OF HEALTH
    Defendants,

**PLAINTIFFS REPLY IN SUPPORT OF THEIR MOTION TO SHOW CAUSE**

    COMES NOW Plaintiffs Jeremy Rodriguez-Ortega and Joshua Rodriguez, by that through their counsel of record, Heather Burke, with their Reply in Support of their Motion to Show Cause.

**Background**

    Plaintiffs filed the instant lawsuit on October 12, 2021.  It was removed to this Court on November 24, 2021.  Plaintiffs timely requested that SPO transmit the record of their administrative appeals, which was to be done within 30 days of receiving that notice, but SPO completely ignored these emails.  Defendants filed their Motion to Dismiss and Amended Motion to Dismiss, establishing that SPO was refusing to transmit the record due to some alleged deficiency on Plaintiffs part. It is unclear how Defendants knew SPO's reasoning, when SPO had failed to even reply to Plaintiffs' requests, but clearly there were communications which Plaintiffs were not a party to.  Defendants unsuccessfully attempted to argue that Plaintiffs "writ of certiorari" did not provide SPO proper notice of an appeal.  Since that time, the water has been

1

muddied between SPO's legal decisions, and Defendants' legal decisions.  Here, Defendants appear to respond on behalf of SPO to Plaintiffs' Motion to Show Cause, again with inside knowledge of SPO's actions and motivations.

Unbeknownst to Plaintiffs, at the time Defendants were making legal arguments for themselves and SPO to dismiss Plaintiffs' appeals, L. Teresa Padilla, had been transferred to be Deputy Director of SPO.  Defendants did not, and have not, disclosed this, and evidence suggests that they intentionally failed to do so.  Later, she was promoted to SPO Director.  Defendants did not, and have not, disclosed this.   Recently, she suddenly retired.  Defendants did not, nor have they yet disclosed this.

On February 9, 2023 this Court issued its order granting in part, and denying in part, Defendants' Amended Motion to Dismiss.  In this order, this Court instructed Plaintiffs to again request for the administrative record to be transmitted from SPO.  Plaintiffs did as they were instructed.  Again, SPO had 30 days from this date to transmit the record proper to this Court.  This time, Annette Lopez, Law Clerk for SPO, responded to refuse to transmit these records, for the very reasons which this Court had already ruled on.  Having already spent more than a year trying to get these transferred, and subsequently discovering that L. Teresa Padilla had secretly become Deputy and then Director of SPO, Plaintiffs filed their Motion to Exclude Administrative Record.

On August 4, 2023, this Court denied said Motion, <u>again</u> giving Defendants and SPO the benefit of the doubt and another opportunity to transmit the records. This Court again imposed duties of requesting and filing status notices with this Court on Plaintiffs.  Plaintiffs again dutifully complied with this Court's instructions on August 7, again emailing all of the pleadings and orders issued by this Court to SPO. SPO, again, had 30 days to prepare and transmit these

records to this Court, generously assuming that each order from this Court reset their time to transmit the records proper. They were to have filed the records proper on or before September 6, 2023. However, when checking on the status of this transmission, it became clear that SPO purposefully intended to file these records in a closed case at the wrong court. As this Court is aware, they did so. On September 7, 2023, at around 4:30pm, Ms. Lopez sent an email to parties stating that she had just (untimely) filed the administrative records into the closed state court case. Plaintiffs filed the instant Motion in response.

## **Argument**

As an initial matter, it appears that Defendants' response to the instant Motion may be untimely. Plaintiffs' Motion to Show Cause was filed and served September 7, 2023. Any response would have had to be filed on or before September 21, 2023. The New Mexico Attorney General's office ("NMAG") contacted undersigned counsel on that date and stated they would not be responding to this Motion. The instant response filed by Defendants was filed September 22, 2023, and is therefore untimely. Defendants did not seek leave of this Court for an enlargement of time to respond either before, or by Motion after their time had expired and therefore this response should properly be disregarded by this Court.

In the event this Court considers Defendants' response timely filed, Plaintiffs will fully reply. In their response, Defendants attempt to misconstrue the intent of the instant Motion, suggesting that Plaintiffs were seeking an order directing SPO to transmit the administrative orders to federal court. They were not. The instant Motion clearly states that the Order to Show Cause would be to require "SPO to explain to this Court why it has intentionally transmitted the record to the wrong Court, into a closed case." SPO already was directed to file these records

with this Court, and in intentional violation of this order, filed the records into a long-closed state court case.

Defendants then inaccurately state that the records were filed as of September 22, 2023. However, the records appear not to have been filed until 5 days later, on September 27, 2023, as Mr. Rubin filed his Notice of Lodging of the two CDs containing the record until September 27, 2023. **[Doc. 70]** Defendants claim that the filing of the record at least 21 days late has no consequences, and renders the instant Motion moot. Plaintiffs disagree.

Nearly two months after the <u>second time</u> this Court instructed these administrative records to be transmitted by SPO, it appears that they have finally been received by the U.S. District of New Mexico Court. It has taken nearly two years to get this simple process accomplished, one which should have only taken 30 days. It has caused many unnecessary hours of work by both Plaintiffs and this Court, and inarguably delayed the progression of this case. This is inexcusable. Defendants and SPO have intentionally obstructed the transmission of these records in a clear attempt to delay this case and to prejudice Plaintiffs. Their actions can only reasonably be construed as willful disobedience and disrespect.

After the filing of the instant motion, on September 21, 2023 the NMAG contacted undersigned counsel, requesting that the instant Motion be withdrawn because they claimed SPO was working on getting the records transmitted[1]. But that they intended to, or have finally, done what they were ordered to do is not what this Motion is about. That attorney claimed Ms. Lopez filing in the state court was merely a "mistake" despite clear evidence that she was informed where to properly file it, and that she refused to do it properly. Merriam-Webster defines the

---

[1] They first claimed that this Court couldn't order them to do anything as they were not a party, and then that they wouldn't respond to the instant Motion.

4

word "Mistake[2]" as 1) a wrong judgment or 2) a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention.  It further states that the word "'Mistake' implies misconception or inadvertence…"

In the instant response, Defendants now characterize this "mistake" as a "clerical error" Merriam-Webster defines "clerical error[3]" as "an error made in copying or writing."  Neither of these terms seem to apply to this situation, where the administrative records were intentionally submitted to the wrong court, into a closed case, even 5 days after she had been explicitly told that this was the wrong court, and that was a closed case.  Certainly, intentionally doing the wrong thing, after being explicitly informed that it is the wrong thing, can hardly be characterized as arising from "inadequate knowledge or inattention" and/or "misconception or inadvertence." Ms. Lopez stated clearly that she had been "told" to take the clearly improper actions that she did, so the "wrong" or "faulty" judgment came from legal channels, and/or from those whose legal judgments or misjudgments can and do result in legal consequences for their agencies and/or clients.   In the instant response, Defendants seem to imply that this intentional wrongdoing was a mere matter of habit, rather than Ms. Lopez explicitly, in writing, refusing to transmit the records to the proper court. This supposed "mistake" caused the transmission of these records to take nearly another month, and it is entirely disingenuous for SPO and/or Defendants to attempt to persuade this Court that their intentional actions were but mere accidents with no harm caused.

Whether or not these records have now been received by this Court, there can be no legitimate dispute that Plaintiffs have been prejudiced by this clear obstruction and needless

---

[2] https://www.merriam-webster.com/dictionary/mistake

[3] https://www.merriam-webster.com/dictionary/clerical%20error#:~:text=noun,made%20in%20copying%20or%20writing

extra work it has caused. Plaintiffs have a steep enough burden to prosecute their claims without having to spend additional time forcing SPO to perform its clerical duty to simply transmit appellate records. Even after being offered a choice to not use these records, and relieve SPO of their duty of transmission, Defendants insisted they must be used, but have made no apparent effort to ensure their transmission. Even in the fact of extreme generosity from this Court, Defendants and SPO proverbially "thumbed their nose" at this Court by filing them in a closed case in state court instead. There can be no reasonable doubt that Defendants and/or SPO's continual delay and then intentionally filing these records in the wrong court have evidenced bad faith and clear disrespect for this Court's orders, and that these intentional acts have prejudiced Plaintiffs.

### A. Defendants raising separate arguments and/or requests for Judicial Action in this Motion is improper.

If all of this was not already incredible enough, Defendants then, improperly in their response to an order to show cause, appear to move this Court to direct parties to file their "statements of the appellate issues" under Rule 1-074(J) NMRA. Not only is this completely improper to piggyback this request into a wholly separate briefing, but Defendants have spent two years actively preventing any movement in Plaintiffs' SPB appeals. In addition, Plaintiffs' Complaint already contains a statement of appellate issues. This is one of the reasons they were pled as informative "Writ of Certioraris" rather than a basic "Notices of Appeal", since Plaintiffs were already alleging a summary of the proceedings, their arguments and/or their allegations, and a statement of the "precise relief sought" as required in a "statement of appellate issues" in their Complaint. Defendants have had the benefit of Plaintiffs' the information contained in the statements of appellate issues for nearly two years longer than is contemplated by Rule 1-074

NMRA[4], while they have continually obstructed the transmission of the records proper. Defendants' obstruction of this event has materially prejudiced Plaintiffs by denying them the response to their statements of appellate issues for nearly 2 years.

That said, given that Defendants removed this case to Federal Court on November 24, 2021, there is certainly a question of whether this Court must adhere to any State Court Rules of Procedure, including Rule 1-074 NMRA. see *W. PCS II Corp. v. Extraterritorial Zoning Auth.*, 957 F. Supp. 1230, 1233 (D.N.M. 1997) (Court is not required to follow state procedures because its jurisdiction is granted by federal law) In fact, it may even be argued that this Court lacks jurisdiction over administrative appeals and/or that by removing this case, Defendants waived any right to enforce any procedural requirements under New Mexico District Court Rules.  see *United States v. N.M. Env't Dep't*, No. 19-CV-46 KG/SMV, 2022 U.S. Dist. LEXIS 149031, at *14 (D.N.M. Aug. 18, 2022).

Regardless of these concerns, this new argument and request raised by Defendants is not proper in the middle of Plaintiff's Motion to Show Cause Briefing.  Even if it were, as Plaintiffs have alleged that SPB's decisions were contrary to law, Plaintiffs' other claims must be resolved before the questions of whether their SPB appeal decisions were proper can be heard and/or decided.

### Conclusion

For the reasons argued herein, Plaintiffs request that this Court issue an Order to Show Cause ordering SPO to explain why they intentionally filed these records into a closed case in state court, therefore rendering their transmission untimely and further prejudicing Plaintiffs.

---

[4] Defendants time to respond to Plaintiffs' statement of appellate issues has already began to run on the date when the records were finally transmitted to this Court, assuming this Court desires to run a separate "appeal" within the larger case.

Plaintiffs respectfully request that this Court award costs and fees for any or all extra time and effort associated with the transmission of these administrative records, including, but not limited to this briefing.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served on the following parties or counsel of record this 4th day of October, 2023, via e-mail:

Paula Maynes
Attorney for Defendants
P.O. Box 25687
Albuquerque, New Mexico 87125
pmaynes@mstlaw.com