IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY RODRIGUEZ-ORTEGA and
JOSHUA RODRIGUEZ,

       Plaintiffs,

v.                                      Civ. No.  21-cv-01129 JCH/KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities, and
NEW MEXICO DEPARTMENT OF HEALTH,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiffs' *Opposed Motion for Leave to Amend Complaint* (ECF No. 38). As set forth in their proposed amended complaint, Plaintiffs seek to add claims against L. Teresa Padilla in her individual capacity for FMLA interference (Count I), FMLA retaliation (Count II), violation of the Human Rights Act (Count III), and violation of 42 U.S.C. § 1983 based on the right to due process (Count IX). Defendants "oppose the Amendment's new allegations and causes of action against Teresa Padilla ("Padilla") for Plaintiffs' NMHRA claim and FMLA claims." (Defs.' Resp. 1, ECF No. 39.) Defendants' response did not address the separate due process claim. Because Defendants did not object to the amendment of Count IX, the Court will permit Plaintiffs to add Count IX to the case. The Court, however, having considered the motion, briefs, arguments, and applicable law, concludes that the motion to amend to add NMHRA and FMLA claims against Padilla should be denied based on futility and untimeliness.

## I.      BACKGROUND

Plaintiffs Jeremy Rodriguez-Ortega ("Rodriguez-Ortega") and Joshua Rodriguez ("Rodriguez") are twin brothers who were both employed by NMDOH and who both suffer from a congenital kidney disease. (Am. Compl. ¶¶ 1-2, 11, ECF No. 18.) Plaintiffs filed charges of discrimination with the New Mexico Human Rights Bureau ("NMHRB"), and they received an order of non-determination dated July 15, 2021. (Am. Compl. ¶ 10, ECF No. 18.) On October 12, 2021, they filed a complaint in state court, which they subsequently amended on January 8, 2022, after the case was removed to federal court. (*See* Compl., ECF No. 1-1; Am. Compl., ECF No. 18.) In their first amended complaint, Rodriguez-Ortega asserts claims for FMLA interference (Count I) and FMLA retaliation (Count II) against Defendant Rich in his individual capacity. (Am. Compl. 15-18, ECF No. 18.) Both Plaintiffs assert a claim against Defendants Rich, Lucero, and the NMDOH for violation of the New Mexico Human Rights Act ("NMHRA") based on disability or serious medical condition (Count III). (*Id.* at 18-21.) Joshua Rodriguez asserts three claims against NMDOH: breach of implied contract (Count IV), breach of good faith and fair dealing (Count V), and violation of the New Mexico Whistleblower Protection Act ("NMWPA") (Count VI). (*Id.* at 21-25.) Joshua Rodriguez appeals the termination decision of the SPB to district court in Count VII, while Rodriguez-Ortega appeals the SPB's termination decision as to him in Count VIII. (*See id.* at 25-28.)

Defendants filed a motion to dismiss the amended complaint on January 26, 2022. (Def.'s Mot. to Dismiss, ECF No. 23.) On February 9, 2023, the Court granted the motion as to certain theories of liability but denied it as to the dismissal of claims. (*See* Mem. Op. and Order, ECF No. 26.) The Honorable Judge Kirtan Khalsa subsequently set case management deadlines, including a deadline of April 20, 2023, for Plaintiffs to seek leave to join and amend. (Order 2, ECF No. 31.)

On May 25, 2023, Plaintiff filed the motion to amend at issue here with a proposed second amended complaint to add Defendant Padilla to the case. (Pls.' Mot., ECF No. 38.)

## II.    STANDARD

A court should freely give leave to amend a complaint when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Whether to allow amendment of the pleadings is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)). When reviewing a plaintiff's complaint under Rule 12(b)(6), the court must accept all well-pleaded allegations as true and construe them in a light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

## III.    ANALYSIS

### A.  Plaintiffs' NMHRA and FMLA Claims against Padilla are Futile

#### 1.  Rodriguez's NMHRA claim against Padilla (Count III) is barred for failure to exhaust his administrative remedies

Defendants first argue that Rodriguez's NMHRA claim against Padilla is futile. In Count III, Rodriguez-Ortega and Rodriguez assert claims against "All Defendants." (Proposed Am. Compl. 19-23, ECF No. 38-1.) Rodriguez-Ortega specifically alleges how Padilla discriminated and retaliated against him, (*id.* ¶¶ 148-150), but Rodriguez does not allege anything particular against Padilla, rather than against "Defendants" generally, (*id.* ¶¶ 144, 145, 147). It is thus not clear that Rodriguez asserts a claim against Padilla, and Plaintiffs in their reply do not address the

3

exhaustion argument as to Rodriguez's NMHRA claim against Padilla. To the extent that Rodriguez is attempting to assert an NMHRA claim against Padilla, the Court agrees with Defendants that such a claim would be futile.

To bring an NMHRA suit in district court, a plaintiff is required to exhaust the administrative grievance process with respect to all defendants named in the district-court lawsuit. *See Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238; *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380. The burden to prove exhaustion lies with the plaintiff. *Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 11, 314 P.3d 681.  To exhaust administrative remedies under the NMHRA, a person must: (i) file a complaint with the NMHRB or the EEOC making sufficient allegations to support the complaint; and (ii) receive an order of non-determination from the NMHRB. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶¶ 13-21, 127 N.M. 282. Rodriguez did not name Padilla in either his original NMHRB charge or in his amended charge. (Defs.' Ex. D, ECF No. 39 at 34-37 of 39.) Because Rodriguez never exhausted his NMHRA claims against Padilla, those claims are futile and subject to dismissal.

## 2.  Rodriguez-Ortega's NMHRA claim against Padilla is Time-Barred

Defendants next argue the NMHRA claims against Padilla are time-barred because Plaintiffs did not file them within 90 days from the date of service of the order of non-determination by the commission. Rodriguez-Ortega responds that this failure is not fatal to his claim against Padilla because Rule 15(c) allows relation back to the original pleading.

Under the NMHRA, a "person aggrieved by an order of the commission may obtain a trial de novo by filing a notice of appeal in the district court of the county where the discriminatory practice occurred or where the respondent does business," and the "notice of appeal must be filed within ninety days from the date of service of the commission's order." N.M. Stat. Ann. § 28-1-

13(A). The "timely filing of a notice of appeal from an NMHRA administrative order is 'effective to give the district court jurisdiction to try the case de novo' under Section 28–1–13." *Mitchell-Carr*, 1999-NMSC-025, ¶ 17 (quoting *Linton v. Farmington Mun. Schs.*, 86 N.M. 748, 750, 527 P.2d 789, 791 (1974)).

Rodriguez-Ortega named Padilla in his September 14, 2020, NMHRB charge. (Defs.' Ex. A, ECF No. 39 at 18-19 of 39.) An order of non-determination arising from that charge was issued on July 15, 2021. (*See* Proposed Am. Compl. ¶ 10, ECF No. 38-1.) Although it is unclear when he received service of the commission's order, Rodriguez-Ortega filed an appeal of the non-determination order as to the originally named defendants on October 12, 2021. He did not, however, file an NMHRA claim against Padilla within 90 days of either the issuance of the order of non-determination or even of the date he filed the complaint acknowledging receipt of the order, October 12, 2021. Instead, Plaintiff waited until May 25, 2023, to assert any claims against Padilla, far outside the NMHRA limitations period. Consequently, his claim against Padilla is only timely if it relates back to the initial complaint.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Plaintiffs rely on Rule 15(c)(1)(B) to argue that relation back is permitted because the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading. Plaintiffs, however, fail to address Rule 15(c)(1)(C), which applies when adding a new party. *See id.* at 541 ("Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning

the proper party's identity.' Rule 15(c)(1)(C)."). Padilla was never a party to the original complaint, so Rule 15(c)(1)(C) must be satisfied. That rule requires not only that Rule 15(c)(1)(B) be met, but also that the party to be brought into the case received such notice of the action within the period provided by Rule 4(m) for serving the summons and complaint "that it will not be prejudiced in defending on the merits" and that the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii). Plaintiffs have not met their burden to show that all the requirements of Rule 15(c)(1)(C) are met. Consequently, the proposed amended complaint against Padilla, a new party, does not relate back to the date of the original complaint. Allowing amendment of the NMHRA claim against Padilla would be futile because it is time-barred.

### 3. Rodriguez-Ortega's FMLA claims against Padilla are Time-Barred

The FMLA provides for a two-year statute of limitations starting "after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). For willful violations, the statute of limitations is three years. *Id.* § 2617(c)(2). Defendants argue that the proposed FMLA claims against Padilla are untimely and barred by the two-year statute of limitations. Plaintiffs do not dispute that the two-year limitations period applies. Rather, they contend that "these FMLA violations relate back to the original, and arises out of the exact same 'conduct, transaction or occurrence' set out in the original complaint," so under Rule 15(c), Rodriguez-Ortega's FMLA claims are timely. (Pls.' Reply 3, ECF No. 40.)

Rodriguez-Ortega was terminated effective July 25, 2020, which would have been the last event constituted the alleged FMLA violation. (*See* Proposed Am. Compl. ¶ 83, ECF No. 38-1.) The two-year statute of limitations for filing an FMLA claim against Padilla would have expired on July 25, 2022. Plaintiffs filed the proposed amended complaint against Padilla on May 25, 2023,

outside the statute-of-limitations period. Plaintiffs, however, filed their initial complaint on October 12, 2021, within the limitations period. Thus, if the proposed amended complaint relates back to that complaint, the claim would be timely. As discussed *supra*, for relation back to apply to claims against a new party, Plaintiffs must satisfy Rule 15(c)(1)(C), but they failed to show how they satisfy all the requirements of Rule 15(c)(1)(C). Consequently, Plaintiffs have not shown the FMLA claims against Padilla relate back to the original complaint, and thus, they have not demonstrated that the claims are not time-barred. The Court thus concludes that adding the FMLA claims against Padilla would be futile.

### B.  Plaintiffs' NMHRA and FMLA Claims against Padilla are Untimely

A court may deny leave to amend on untimeliness alone. *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Plaintiffs knew of the facts underlying their NMHRA and FMLA claims against Padilla at the time they filed their original complaint. The only explanation for failing to name Padilla initially in these claims is that "Plaintiffs originally believed that Ms. Padilla's role may have been minor." (Pls.' Reply 3, ECF No. 40.) The Court finds this explanation inadequate to explain the delay in moving to amend to add Padilla to these claims. The request to add the NMHRA and FMLA claims is thus untimely.

### C.  Leave to amend will be denied as to the NMHRA and FMLA claims but granted as to the § 1983 claim

Futility of amendment and untimeliness are grounds to deny leave to amend. Because the NMHRA and FMLA claims against Padilla are both futile and untimely, the Court will deny Plaintiffs leave to amend the complaint to add those claims.

Unlike the aforementioned claims, Plaintiffs' proposed § 1983 claim arises out of events that occurred when Padilla became the State Personnel Board Deputy Director in September 18, 2021, and relate to the process afforded Plaintiffs during their administrative appeals. (*See*

Proposed Am. Compl. ¶¶ 96-108, ECF No. 38-1.) Plaintiffs only "recently discovered that L. Teresa Padilla was appointed to the SPB while their appeals were being adjudicated." (Pls.' Mot. 2, ECF No. 38.) Defendants did not object to Plaintiffs' request to amend the complaint to add Count IX against Padilla. The Court thus finds that Defendants waived any objection to adding Count IX. For this reason, the Court will allow amendment as to Count IX only.

The proposed amended complaint (ECF No. 38-1) filed by Plaintiffs contains claims against Padilla that the Court will not permit to be added to this case. Plaintiffs also neglected to add Padilla to the caption of their proposed complaint. Consequently, within ten days from entry of this Memorandum Opinion and Order, Plaintiffs must file an amended complaint that is in accordance with this Court's Memorandum Opinions and Orders and that adds Padilla to the caption.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Opposed Motion for Leave to Amend Complaint* (**ECF No. 38**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.  Plaintiffs' request for leave to amend the complaint to add **Count IX** against Padilla in her individual capacity for violation of 42 U.S.C. § 1983 is **GRANTED**.

2.  Plaintiffs' request for leave to amend the complaint to add NMHRA and FMLA claims against Padilla is **DENIED**.

3.  Plaintiffs must file their amended complaint, in accordance with this Court's Memorandum Opinions and Orders, **within 10 days** of the filing of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE