IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY RODRIGUEZ-ORTEGA AND
JOSHUA RODRIGUEZ,

    Plaintiff,

v.                                                No. 1:21-cv-01129-JCH-KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities,
AND NEW MEXICO DEPARTMENT OF HEALTH

    Defendants.

## DEFENDANTS DAVID RICH, KENNETH LUCERO AND NEW MEXICO DEPARTMENT OF HEALTH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE ANSWER

Defendants David Rich, Kenneth Lucero and the New Mexico Department of Health ["DOH"] respond in opposition to the Plaintiffs' Motion to Strike Defendants' Untimely Answer Including Affirmative Defenses. [Doc. 95]. The parties now have the benefit of the Court's Memorandum Opinion and Order granting in part and denying in part Plaintiff's Motion to Amend. [Doc. 104]. The Court has permitted Plaintiffs to join L. Teresa Padilla as a party defendant over newly made allegations that Ms. Padilla, after becoming Deputy Director, then Director of the State Personnel Office, interfered in the two separate adjudications of the Plaintiffs' State Personnel Act appeals of their terminations. [Doc. 106]. Plaintiffs have filed their Second Amended Complaint naming Ms. Padilla as a Defendant and adding a Ninth Cause of Action for violation of 42 U.S.C. ¶1983 alleging that Plaintiffs were denied procedural due process by Ms. Padilla's interference with the adjudication of their appeals. [Doc. 106]. These allegations, although determined by the Court to "relate back" to the facts alleged in the original Complaint, are nonetheless novel and involve facts not at issue in the original complaint. Because of this

new status of the case, and because the Plaintiffs themselves did not pursue any civil discovery against the Defendants until after they had asked the Court to permit them to amend their complaint, Plaintiffs cannot show prejudice to them from the defense delay in answering the original complaint, now moot.

> 1. **Defendants' late-filed Answer to the First Amended Complaint did not prejudice the Plaintiffs in prosecuting their claims, nor was it the result of inexcusable neglect.**

Plaintiffs argue as they did in their Opposition to the Motion to Extend Case Management Deadlines and in their Motion for Protective Order and for Default Judgment, (the Default Judgment portion of which was voluntarily withdrawn by Plaintiffs' Notice of Withdrawal of Relief Requested filed on October 23, 2023 [Doc. 99]), that Defendants committed inexcusable neglect and delay in failing to file a timely Answer to the First Amended Complaint. As argued in Defendants' response to the Motion for Protective Order, this case stalled after the Plaintiffs filed their Motion to Exclude the Administrative Record from the State Personnel Board on March 7, 2023 [Doc. 34], one week after the Court filed the Order Adopting Joint Status Report and Provisional Discovery Plan. [Doc. 31, February 28, 2023]. Then, on May 25, 2023, Plaintiffs filed their Opposed Motion for Leave to Amend the Complaint [Doc. 38]. It was reasonable for the Defendants to believe that the case would change if any part of Plaintiffs' motion to amend were to be granted. Under these circumstances, and with the new information that the Court has permitted the amended complaint against Ms. Padilla to go forward, there is good cause to deny a motion for default judgment against these Defendants. Fed.R.Civ.P. 55(c).

**2. Plaintiffs' argument that defense counsel's late filing of the Answer to the First Amended Complaint was a bad faith tactic or strategy is unfounded, instead it is an *ad hominem* attack.**

Defendants abjure the *ad hominem* attacks made by Plaintiffs' counsel upon undersigned counsel. [Doc. 95] They are spurious and unprofessional. The Court rightly is interested in the facts of the case and the law that applies to these claims and this process, not in attacks upon counsel's reputation or advocacy in other cases. And, Plaintiffs' counsel is incorrect in her factual assumptions. In both the *Bowman* and *Hare* cases referenced in Plaintiffs' motion to strike, [Doc. 95, pp. 4-5] defense counsel was engaged by the defendant either just before, or after the plaintiff had asked the federal clerk of courts to enter default against the defendant. In both cases, the defaults were set aside and ultimately, the Court dismissed the Plaintiffs' complaints on their respective merits. It's difficult to see a defense stratagem in this chronology. In neither case was there any admonition to counsel, award of sanctions or finding of bad faith on the part of the defendants or defense counsel. The Court is interested in the facts and process involved in this case, not in unrelated litigation in federal court.

Further, it is difficult to see how asking the Court to forego entering a default judgement against the Defendants is a "stratagem" that would advantage the Defendants over the Plaintiffs. It is a plea to the Court to forego entering a default judgment against a party when that party has been actively engaged in defending against the claims and participating in litigation. Defendants admit that they should have filed their Answer in March, 2023 as requested. However, by May, 2023 Plaintiffs sought to amend their complaint to join another party. Then, the principal counsel from the law firm defending the case departed and turned the defense over in early August, 2023. Once the omission of the Answer was discovered, the undersigned immediately filed the

3

Defendants' Answer to protect the record. [Doc. 76]. This does not suggest disinterest or negligence, much less intentional flouting of the Rules.

### 3. Plaintiffs' Second Amended Complaint, filed yesterday on November 1, 2023, requires an Answer to it, in effect resetting the legal and fact issues in this federal case.

Defendants now include newly named individual defendant L. Teresa Padilla, former HR manager at Defendant DOH, then later the Deputy Director and Director at the State Personnel Office. Until November 1, 2023, Ms. Padilla has not been a party defendant in this case. Defendant Padilla is entitled to file her own answer to the allegations against her set forth in the Second Amended Complaint and to pursue discovery of the facts that Plaintiffs have alleged against her. Due process guarantees her that much. Plaintiffs are the authors of their own Complaint and decided to pursue a stand-alone action against Ms. Padilla at this stage of the litigation. Then, weighing whether they might succeed in defaulting the Defendants, they hesitated on that Motion by filing Plaintiff's Opposed Motion to Hold in Abeyance the Decision on Plaintiffs' 2nd Amended Complaint Pending Dispositive Decisions, [Doc. 86], on October 8, 2023. For the first time in October 2023, Defendants heard that maybe the Plaintiffs didn't want or need to amend their complaint to join Teresa Padilla. At the October 10, 2023 hearing on pending non-dispositive motions, Plaintiffs' counsel tried to strike a bargain with the Court by suggesting that if the Court would default the Defendants, or enforce the original case management deadlines so that they could not pursue any discovery, she would withdraw the Plaintiffs' motion for leave to amend. But for all the months intervening between May 25, 2023 and October 10, 2023, anyone reading the Court record would conclude that Plaintiffs wanted to file a Second Amended Complaint to join Ms. Padilla as a party defendant. That is what Defendants thought.

Under these circumstances, it is improper and contrary to the settled policy that cases ought to be adjudicated on their merits, not on procedural flaws, to default the Defendants in this case.

Respectfully submitted,

MILLER STRATVERT P.A.


By: /s/ Paula G. Maynes
    Paula G. Maynes
    *Attorneys for Defendants*
    P.O. Box 1986
    Santa Fe, NM 87504-1986
    Telephone: (505) 989-9614
    Email: pmaynes@mstlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of November, 2023, I filed the foregoing pleading electronically through the CM/ECF Filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather Burke
Attorney at Law
*Attorney for Plaintiffs*
1000 Cordova Place #24
Santa Fe, New Mexico 87505
Phone: (505) 428-9424
Email: heather@hburkelaw.com


By: *ardent/s/ Paula G. Maynes*
    Paula G. Maynes