IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY RODRIGUEZ-ORTEGA AND
JOSHUA RODRIGUEZ,
    Plaintiffs,

v.                                            No. 1: 21-cv-01129-JCH-KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities, L. TERESA
PADILLA, in her individual capacity,
AND NEW MEXICO DEPARTMENT OF HEALTH
    Defendants,

**PLAINTIFFS REPLY IN SUPPORT OF THEIR MOTION
TO STRIKE UNTIMELY ANSWER**

    COMES NOW Plaintiffs Jeremy Rodriguez-Ortega and Joshua Rodriguez, by that through their counsel of record, Heather Burke, with their Reply in Support of their Motion to Strike Defendants' Untimely Answer.

**ARGUMENT**

    In litigation, the Answer is the second most important pleading, and provides a Plaintiff with their right to know the defenses asserted against their complaint. "The primary role of pleadings in the federal system is to provide notice. Courts, then, have applied former Fed. R. Civ. P. 8(d) (revised and renumbered as Fed. R. Civ. P. 8(b)(6)) in order to avoid unfair surprise by a party who fails to file a responsive pleading." *Sanchez v. BNSF Ry. Co.*, 976 F. Supp. 2d 1265, 1266 (D.N.M. 2013). The Answer is meant to be filed at the very start of litigation, so that proper notice is given. An untimely filed answer denies a Plaintiff proper notice.

When considering whether to excuse a late filing, the following factors are considered: "1) the danger of unfair prejudice to the [opposing] party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." *Trs. of the Sheet Metal Workers Local Union 49 Family Health Plan v. Mares Plumbing & Mech., Inc.*, No. CV 11-898 JCH/CG, 2012 U.S. Dist. LEXIS 130853, at *12-13 (D.N.M. Aug. 2, 2012)

### A. "Inexcusable Neglect" Is Not A Standard Relevant Or Related To Anything Herein.

Defendants' response to the instant Motion is perplexing. They appear to be misstating the legal standard and attempting to shift the burden of proof to Plaintiffs by alleging that Plaintiffs must prove that Defendants' untimely answer was the product of "inexcusable neglect." They cite no authority for this proposition, because there is none. Neither this Court, nor Plaintiffs, must prove or determine that Defendants' failure to answer was "inexcusable neglect." Defendants have the burden to demonstrate that their neglect was excusable. However, they completely fail to do so, particularly because they admit that their failure was intentional, not the product of neglect.

Nowhere in their response do they even use the words "excusable neglect." They cite no case law, nor do they suggest how any of their facts apply to those determinations. They don't even argue anywhere in their response that "excusable neglect" caused the untimely answer. It is already well established in the record that Defendants' answer was due, after seeking and being granted a two-week extension, on or before March 7, 2023. Defendants did not file it then, and did not file it at all until September 27, 2023, and then did so without first seeking leave of the court.

**B. Defendants Chose Not To Answer Due To A "Reasonable Belief That This Case Would Change If Any Part Of Plaintiff's Motion(To Amend) Were Granted"**

Defendants argue that their failure to answer wasn't the product of neglect at all, and that Plaintiffs were not prejudiced. They first argue, without explanation, that this case was somehow "stalled" on March 7, which was the day their answer was due, and therefore should have been filed. Defendants have made this claim previously, but as before, have never explained how the filing of a single motion can stall an entire case, and how or why this one did. Nor have they cited to any legal support for the idea that Defendants don't have to file an answer if Plaintiffs file any Motion before they file their answer. Merely asking for the administrative record to be excluded could not, and did not, "stall" any of the other claims at issue here.

But then, Defendants state that nearly <u>3 months later</u> when Plaintiffs' sought leave to amend their complaint, that Defendants purposefully didn't answer Plaintiffs' complaint because "it was reasonable belief that this case would change if any part of Plaintiffs' motion to amend were to be granted." Defendants clearly admit that their failure to answer was <u>not the product of neglect</u> at all, but a conscious decision by Defendants to NOT answer while an amendment was pending. Defendants answer was already <u>80 days late</u> when Plaintiffs filed their Motion for Leave to Amend their complaint. Defendants cite no support for the proposition that they don't have to answer a complaint if they "reasonably believe that the case will change" by the filing of an amendment. They are required to timely answer each complaint, and are thus subject to procedural requirements when they fail to do so. A responsive pleading was required <u>21 days</u> after their Motion to Dismiss was ruled on. Rule 8(B)(6) expressly requires that a failure to deny constitutes admission, where a responsive pleading is required. Defendants failed to deny Plaintiffs factual allegations and therefore they must be deemed admitted.

### C. Even After Plaintiffs' Filed Their Motion For Default As To Liability, Defendants Waited An Additional Two Weeks To File Their Answer.

Defendants next argue to this Court that once the "omission" of an answer was known, they "immediately" filed an answer. The use of the word "omission" is proper because they have revealed that this was not a mistake, an accident or the product of neglect. The word "immediately" is defined as "at once; instantly" and/or "without any intervening time or space." The record is clear that Plaintiffs filed their Motion for protective order and for default as to liability on September 15, 2023. Defendants waited an additional <u>two weeks</u> to file their untimely answer, and without seeking leave of Court, on September 29, 2023. There is no way in which addressing their "omission" could be reasonably construed as "immediately" by any stretch of the imagination.

Defendants complain that pointing out similarly obstructive and/or procedurally violative conduct in other cases is a personal attack against Ms. Maynes. It is not. Regardless of any of the excuses offered in response to this information, the judicial record reveals the fact that Ms. Maynes does not seek leave to file untimely answers, regardless of the reason those answers are untimely. Defendants have never attempted to explain why they did not seek leave from the Court to file their untimely answer in the instant case, and the instant response admits that not filing an answer was an intentional decision. Clearly, not properly seeking leave is an intentional decision as well.

### D. Plaintiffs Second Amended Complaint Does Not "Reset The Legal And Factual Issues"

Defendants argue, without support, that the fact that this Court granted a new claim and a new Defendant in Plaintiffs' Second Amended Complaint "resets the legal and factual issues." It

does not. Plaintiffs' original legal and factual issues remain untouched. The existing claims were denied any amendment, and therefore stand unaltered. Moreover, they cannot amend an answer they never filed in the first place, and they have admitted to this Court that they did not file their answer because of the pending amendment. It's unclear what point Defendants are making when they make unsupported allegations about Plaintiffs supposedly trying to "strike a bargain" with the Court. Defendants' complete failure to conduct any discovery during the time allowed, and to file any answer to Plaintiffs complaint has made this case exponentially more procedurally complicated than it should have been. They cannot honestly argue that the procedural complexity they caused is grounds for escaping the consequences of their procedural violations.

### E. None Of The *Pioneer* Factors Weigh In Favor Of Allowing Defendants' Untimely Answer

Defendants never cite, nor attempt to argue that any of the Pioneer factors weigh in favor of excusing their untimely answer. This is likely because they know they do not. 1) Unfair Prejudice: Allowing Defendants to file their answer 7 months late, without even seeking leave of this Court to do so, would certainly unfairly prejudice Plaintiffs. Plaintiffs have a right to know what Defendants are disputing so that they can focus their prosecution. Defendants' untimely answers even conflict with some of their arguments in their Motion to Dismiss, particularly in areas critical to Plaintiffs' pending Motion for Summary Judgment. 2) Defendants' lack of diligence in discovery already caused an extension of Discovery. They moved for an extension of discovery before they even answered the complaint. The conflict in positions between their Motion to Dismiss and their Answer might further delay this case, if the untimely answer is allowed in full.

The third factor is well recognized as the most important, and it weighs heavily against allowing the untimely answer. Defendants admit to this Court that their failure to answer was intentional, first because of a vague and illogical allegation that Plaintiffs' Motion filed in March "stalled" this case sufficient to prevent Defendants from being able to answer. And then that after the Motion to Amend filed three months later, they decided not to file an answer because they believed the case might change[1].  Defendants inarguably admit that their failure to answer was completely and totally within their control. The fourth element also weighs against them. Defendants intentional decision to not file an answer good not have been in good faith. There are no procedural mechanisms for them to have made the decision not to file their Answer in good faith, and therefore their intentional decision not to answer as required was borne of bad faith.

## **CONCLUSION**

For the reasons argued in the instant motion and herein, Plaintiffs respectfully request that this Court grant their Motion to Strike Defendants' Answer as untimely, whether in whole or in part, including affirmative defenses and for fees and costs associated with this briefing.

Respectfully Submitted.

*Heather Burke*
Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424

---

[1] Which implies that they didn't want to get locked into any position.

heather@hburkelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served on the following parties or counsel of record this 17th day of November, 2023, via e-mail:

Paula Maynes
Attorney for Defendants
P.O. Box 25687
Albuquerque, New Mexico 87125
pmaynes@mstlaw.com