IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY RODRIGUEZ-ORTEGA, and
JOSHUA RODRIGUEZ,

    Plaintiffs,

v.                                                  No. 1:21-cv-01129-JCH-KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities,
L. TERESA PADILLA, in her individual capacity,
and NEW MEXICO DEPARTMENT OF HEALTH,

    Defendants.

## L. TERESA PADILLA'S MOTION TO COMPEL REGARDING PLAINTIFFS' SUPPLEMENTAL DISCOVERY RESPONSES

L. Teresa Padilla, by and through her attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Carol Dominguez Shay, Joseph C. Haupt, and Philip B. Hunteman) hereby submits her Motion to Compel Regarding Plaintiffs' Supplemental Discovery Responses ("Motion"). Pursuant to D.N.M.LR-Civ. 7.1(a), Ms. Padilla inquired as to whether the other parties to this action would oppose the Motion. Plaintiffs oppose the Motion, and the other Defendants in this matter ("DOH Defendants") do not. In support of the Motion, Ms. Padilla states as follows:

### INTRODUCTION

This discovery Motion stems from Plaintiffs cutting corners and obfuscating information in a manner that shows their disrespect of Ms. Padilla's right to discovery in this lawsuit. Ms. Padilla served on each Plaintiff—Joshua Rodriguez ("Rodriguez") and Jeremy Rodriguez-Ortega ("Rodriguez-Ortega")—a First Set of Interrogatories and First Set of Requests for Production on December 27, 2023. L. Padilla's Certificate of Service (Dec. 27, 2023) (ECF No. 138). Plaintiffs

served their original responses to these discovery requests on January 26, 2024. Pls.' Certificate of Service (Jan. 26, 2024) (ECF No. 142). Pertinent to this Motion, they also served supplemental answers and responses in the body of an email from their counsel on February 19, 2024. Those supplemental answers and responses showed a hasty carelessness which ignored simple procedural rules and left Ms. Padilla uncertain as to the responsiveness of much of the information provided. Notably, the supplemental answers in the February 19, 2024 email were unsworn by Plaintiffs, and Plaintiffs provided single answers and responses purportedly responding to multiple discovery requests. For their supplemental responses to Ms. Padilla's requests for production, Plaintiffs' counsel did not even label the Plaintiff to which the supplemental responses applied. In addition to these issues, Plaintiffs appear to have deliberately misconstrued requests to avoid properly responding to them and appear to have failed to produce documents they previously identified as responsive to Ms. Padilla's requests for production.

These supplemental responses do not satisfy Plaintiffs' discovery obligations, and Ms. Padilla brings this Motion to compel Plaintiffs to serve proper and responsive supplementation to her first set of discovery requests.[1] Through counsel, and pursuant to Fed. R. Civ. P. 37(a)(1), Ms. Padilla attempted to confer in good faith with Plaintiffs in an effort to obtain the disclosures and discovery requested herein without court action. However, that process was unsuccessful in resolving the issues now raised in this Motion. For ease of reference, the subject discovery requests to Rodriguez are attached hereto as **Exhibit 1**, and the subject requests to Rodriguez-Ortega are attached hereto as **Exhibit 2**. Certain of Plaintiffs' original responses to Ms. Padilla's discovery

---

[1] Ms. Padilla also filed a Motion to Compel Complete Discovery Responses from Plaintiffs (ECF No. 160) based on their original objections, answers, and responses to Ms. Padilla's discovery requests. That motion is pending as of the filing of this Motion, and the issues raised herein are independent of the issues raised in Ms. Padilla's first motion to compel.

requests are attached hereto as **Exhibit 3** (for Rodriguez) and **Exhibit 4** (for Rodriguez-Ortega), respectively. Finally, the February 19, 2024 email containing Plaintiffs' supplemental discovery responses is attached hereto as **Exhibit 5**.[2]

## LEGAL STANDARD

Under Fed. R. Civ. P. 33(b)(3), interrogatories "must, to the extent not objected to, be answered separately and fully in writing under oath." Regarding requests for production, Fed. R. Civ. P. 34(b)(2)(B) requires that (in pertinent part), for each item or category of materials requested, a responding party "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." A "party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted . . . as required under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). For the purposes of such motions, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

If a motion to compel under Rule 37 is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such payment if the movant filed the motion before attempting to resolve the discovery dispute in

---

[2] Portions of these materials were previously attached as exhibits to Ms. Padilla's Motion to Compel Complete Discovery Responses from Plaintiffs (ECF No. 160). However, pursuant to D.N.M.LR-Civ. 10.7, Ms. Padilla is attaching these materials as exhibits to this Motion in order to bring to the Court's attention different portions of the materials than those relevant to Ms. Padilla's earlier motion.

good faith; the opposing party's nondisclosure, response, or objection was substantially justified; or such award is unjust in light of other circumstances. *Id.*

## ARGUMENT

### I.  OBJECTIONS APPLICABLE TO MULTIPLE REQUESTS

To streamline the arguments in this Motion, Ms. Padilla first addresses issues which apply to several of Plaintiffs' supplemental discovery responses. Although Ms. Padilla discusses later in the Motion specific supplemental responses to which these issues apply, the arguments that follow in this Section I are not fully repeated in the context of those specific responses.

**A.**  *Interrogatory Answers Are Not Sworn*

The February 19, 2024 email contained supplemental interrogatory answers for **Interrogatory Nos. 4, 5, 6, 7, 8, 11, 14, and 15 to Rodriguez**; and **Interrogatory Nos. 5, 6, 12, 15 and 16 to Rodriguez-Ortega**. *See* Ex. 5, at 1–4. However, Plaintiffs did not provide a sworn affidavit (or unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746) attesting to the truth of those answers. Interrogatories must be answered under oath, Fed. R. Civ. P. 33(b)(3), and courts have held that purported answers in a lawyer's correspondence do not satisfy this requirement. *See Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) ("attorney's communication" does not satisfy Rule 33 because interrogatory answers must be signed by party under oath); *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 57 (D. Conn. 2005) ("An unsworn letter by a lawyer is not an adequate substitute for an interrogatory answer."). Although Ms. Padilla raises additional deficiencies with certain of Plaintiffs' supplemental interrogatory answers below, Ms. Padilla respectfully requests the Court order Plaintiffs to properly verify each of the supplemental interrogatory answers listed in this paragraph.

B.     *Separate Answers and Responses, and Unlabeled Responses*

Several of Plaintiffs' supplemental answers and responses appear under headings correlating to multiple discovery requests. For Rodriguez, this applies to his supplemental answers to **Interrogatory Nos. 5 and 6, and 14 and 15;** and supplemental responses to **Request for Production Nos. 3 and 4**. Ex. 5, at 1–3. For Rodriguez-Ortega, this applies to his supplemental answers to **Interrogatory Nos. 5 and 6, and 15 and 16**; and his supplemental responses to **Request for Production Nos. 3 and 4**. *Id.* It also appears Plaintiffs provided one supplemental response for **Request for Production No. 2** and, separately, **Request for Production No. 7**, each of which was intended to apply to both Plaintiffs. *Id.* at 3–4.

Federal Rules of Civil Procedure 33 and 34 require parties to separately respond to each interrogatory and request for production. *See* Fed. R. Civ. P. 33(b)(3) (requiring answers to interrogatories to be answered "separately"); Fed. R. Civ. P. 34(b)(2)(B) (requiring a response "for each item or category" of documents requested). Similarly, D.N.M.LR-Civ. 26.1(b) requires parties responding to discovery requests to "either set forth the answer, response or objection in the space provided or quote fully each interrogatory or request before any answer, response or objection." Plaintiffs have failed to respond to Ms. Padilla's discovery requests individually, and this failure is more than merely formalistic. In some situations where Plaintiffs provided a single answer or response for multiple discovery requests, it is not clear how the supplemental answer/response applies to each request. Additionally, for the supplemental responses to Ms. Padilla's requests for production, Plaintiffs did not even indicate the Plaintiff to whom the responses applied. Although Ms. Padilla was able to make reasonable determinations on this issue for many of the supplemental responses, at the end of the day such determinations are no more

than educated guesses. Ms. Padilla should not be left in a position where she is ultimately uncertain as to which of her requests Plaintiffs responded.

Although it is highly unorthodox to serve supplemental discovery responses in the body of an email, Ms. Padilla's larger concern is that Plaintiffs have improperly cut corners in such a way that she cannot be entirely certain of the adequacy of the information Plaintiffs have provided. Accordingly, in addition to other relief discussed elsewhere in this Motion, Ms. Padilla respectfully requests the Court order Plaintiffs to, at a minimum, re-serve their supplemental answers and responses in the format mandated by D.N.M.LR-Civ. 26.1(b).

## II. ARGUMENTS REGARDING SPECIFIC DISCOVERY RESPONSES: INTERROGATORIES

### A. *Answers/Objections Applicable to Rodriguez*

#### 1. Interrogatory No. 4

Interrogatory No. 4 to Rodriguez asks if he has been unable to work because of injury, illness, or disability since May 20, 2020 and, if so, to please identify dates he could not work, the persons who treated or evaluated him, and to produce all documents relating to such conditions, treatments, or evaluations. Ex. 1, at 4.[3] Rodriguez' unsworn supplemental answer argues he is on disability, was forced onto disability due to his termination from DOH, and he cannot find a job which would give him FMLA benefits on day one. Ex. 5, at 3. The supplemental answer also argues it is unknown whether Rodriguez could have worked at any time if he still had the benefits of his state position. *Id.*

---

[3] Pincites for citations to Exhibits 1 through 4 refer to the page numbers at the bottom of each respective document. Note that because Ms. Padilla is only including the relevant portions of these documents, the page numbering in the exhibits will not always be sequential.

Rodriguez' supplemental response is evasive and thus constitutes a failure to answer under Fed. R. Civ. P. 37(a)(4). Although Rodriguez' supplemental answer states he is unable to work due to (it appears) his inability to find a job that would offer him FMLA benefits, it does not address the actual question presented: whether Rodriguez has been unable to work because of an injury, illness, or disability (which in this context plainly refers to a physical infirmity, not welfare benefits). Rodriguez' health either prevents him from working (in which case he must provide the additional information requested in the interrogatory), or it does not. Through his supplemental answer, Rodriguez attempts to dodge this straightforward question entirely, which he is not permitted to do. Ms. Padilla respectfully requests the Court order Rodriguez to answer Interrogatory No. 4 fully, under oath, and without objection.

2. <u>Interrogatory Nos. 5 and 6</u>

Interrogatory No. 5 to Rodriguez asks for the total amount of damages Rodriguez is claiming or seeking in this action from DOH and to explain in detail how he arrived at that figure by identifying each item or element of damages comprising the total amount. Ex. 1, at 5. Interrogatory No. 6 to Rodriguez asks Rodriguez to state the total amount of income he has earned or otherwise received from any source other than DOH from May 19, 2020 to the present. *Id.*

Initially, these interrogatories seek different information, and Rodriguez improperly provides a single answer purporting to address each interrogatory. Ex. 5, at 2; *see* Fed. R. Civ. P. 33(b)(3). More substantively, however, a significant portion of Rodriguez' damages explanation, while appearing to be responsive to Interrogatory No. 5, is non-responsive to Interrogatory No. 6. Specifically, the only part of Rodriguez' combined supplemental answer which appears to address Interrogatory No. 6 is his claim that he has received SSDI and PERA income in a total amount of

$96,408.46. Ex. 5, at 2. But because this reference to SSDI and PERA is raised in an improper, combined discovery response, there is no way for Ms. Padilla to determine whether the information constitutes a complete answer to Interrogatory No. 6. The requirement that interrogatories be answered separately and fully, as well as the Local Rules' requirement that a discovery response restate its corresponding request, protects Ms. Padilla from having to parse answers and speculate on whether all responsive information has been supplied. Accordingly, Rodriguez' supplemental answer to Interrogatory No. 6 is incomplete and constitutes a failure to answer. Fed. R. Civ. P. 37(a)(4). Thus, Ms. Padilla respectfully requests the Court order Rodriguez to answer Interrogatory No. 6 separately and fully, under oath, and without objection.

      As it concerns the remainder of Rodriguez' supplemental answer, which appears to correlate with Interrogatory No. 5, it bears emphasizing that Interrogatory No. 5 is asking for information regarding damages Rodriguez is seeking from DOH. Plaintiffs state as a preface to their supplemental answers to Interrogatory Nos. 5 and 6 that they originally sought punitive and emotional distress damages associated with the due process violation, which is leveled only at Ms. Padilla. Ex. 5, at 1. It is unclear why Plaintiffs included this non-responsive statement in their supplemental answers or how what they now seek contrasts to the damages they "originally" sought for the due process claim. Rodriguez' combined supplemental answer contains a calculation for emotional distress damages, *id.* at 2, but the prefatory comment about the due process claim casts doubt about whether Rodriguez seeks the remainder of the described damages, or some lesser portion—or even something else entirely—against DOH. It is conceivable, given the prefatory comment about the due process claim, that Rodriguez' supplemental answer is not addressed to damages against DOH at all. At this stage, Ms. Padilla cannot determine whether Rodriguez'

combined supplemental answer to Interrogatory Nos. 5 and 6 is responsive to Interrogatory No. 5. Thus, Ms. Padilla respectfully requests the Court order Rodriguez to answer Interrogatory No. 5 separately and fully, under oath, without objection, and to answer only the question posed by the interrogatory.

### B.    *Answers/Objections Applicable to Rodriguez-Ortega*

#### 1.    Interrogatory Nos. 5 and 6

Interrogatory No. 5 to Rodriguez-Ortega asks if, at any time since May 20, 2020, he has been unable to work because of injury, illness, or disability, and (if so), to provide the dates he could not work, the persons who treated or evaluated him, and all documents relating to such conditions or treatments/evaluations. Ex. 2, at 4–5. Interrogatory No. 6 asks for the total amount of damages Rodriguez-Ortega is claiming or seeking in this action from DOH and to explain in detail how he arrived at those figures by identifying each item or element of damages comprising the total amount. *Id.* at 5.

Rodriguez improperly provided a single supplemental answer for multiple interrogatories, rather than answering them separately as required under the Rules. Ex. 5, at 2–3; *see* Fed. R. Civ. P. 33(b)(3). Additionally, the explanation he provided, purportedly in response to Interrogatory Nos. 5 *and* 6, does not address Interrogatory No. 5 at all. Nowhere in the combined supplemental answer is there a discussion regarding any condition preventing Rodriguez-Ortega from working. *See* Ex. 5, at 2–3. Rodriguez-Ortega's purported supplemental answer to Interrogatory No. 5 is non-responsive, and Ms. Padilla respectfully requests the Court order him to answer Interrogatory No. 5 under oath and without objection.

To the extent Rodriguez-Ortega's combined supplemental answer corresponds to Interrogatory No. 6, this, too, was prefaced with the statement that Plaintiffs originally sought punitive and emotional distress damages for the due process claim. *Id.* at 1. For the same reasons articulated above with respect to Interrogatory No. 5 to Rodriguez, it is not clear what portion of the damages described in Rodriguez-Ortega's supplemental answer to Interrogatory No. 6 (if any) Rodriguez-Ortega is seeking in this action from DOH. Thus, Ms. Padilla respectfully requests the Court order Rodriguez to answer Interrogatory No. 6 separately and fully, under oath, without objection, and to answer only the question posed by the interrogatory.

**III.   ARGUMENTS REGARDING SPECIFIC DISCOVERY RESPONSES: REQUESTS FOR PRODUCTION**

   **A.   *Responses/Objections Applicable to both Plaintiffs***

      1.   Request for Production No. 2

Request for Production No. 2 to each Plaintiff asks them to produce all documents which they contemplate, or could reasonably contemplate, using as exhibits or otherwise at any hearing or trial in support of any claim or to refute any defense in this lawsuit. Ex. 1, at 9; Ex. 2, at 9. In their original responses, Plaintiffs each identified 20 documents as responsive, but they did not produce them or state inspection will be permitted as required under Fed. R. Civ. P. 34(b)(2)(B). Ex. 3, at 10; Ex. 4, at 9–10. In their improper combined supplemental response, Plaintiffs produced twenty-one PDFs, some of which were duplicates of one another, and one of which was a collection of documents bearing Bates Numbers JRO JR000198 to 000305. *See* Ex. 5, at 3. Even with this production, Plaintiffs have not produced each of the twenty documents (or collection of documents) referenced in their original responses to Request for Production No. 2. Specifically, it does not appear Plaintiffs have produced items 8 and 9 in their responses (Appellee's Response to

RFP 8 & 9 – 4268864 and Appellee's Response to RFP 8 & 9 – 4259542, respectively), or items 13 (SPB recommended decisions for Plaintiffs), 14 (Rodriguez NCA dated 04/28/20), 15 (Rodriguez NFA dated 05/19/19), 16 (Emails about Disability Discrimination violations), 17 (email reporting discrimination 2nd RFFP 5.000494), 18 (Investigation interviews), 19 (NMDOH Disciplinary investigations), and 20 (NMDOH Disciplinary records). *See, e.g.*, Ex. 3, at 9. Plaintiffs did produce some documents which appear to contain notes of interviews, thus possibly satisfying item 18, but it is not clear whether these correspond to item 18 or item 19. Presently, Plaintiffs have not provided a complete response to Request for Production No. 2, and they must produce the remaining outstanding materials to do so. Thus, Ms. Padilla respectfully requests the Court order Plaintiffs to separately supplement their responses to Request for Production No. 2, to produce to Ms. Padilla each of the documents listed in their original responses to Request for Production No. 2 without objection, and for their attorney to certify to the Court her clients' compliance with that order.

        2.     <u>Request for Production No. 7</u>

Request for Production No. 7 to each Plaintiff asks them to produce all documents relating to or reflecting all income, benefits, or moneys received by them from any and all sources (other than NMDOH) from July 25, 2020 to the present. Ex. 1, at 9–10; Ex. 2, at 10. The requests then provide a non-exhaustive list of examples of responsive documents, including a final catch-all example "and any other documents reflecting any remuneration for work performed by you." Ex. 1, at 9–10; Ex. 2, at 10. Plaintiffs' improper, combined supplemental response states "This requests information for income from 'work performed' by Plaintiff. He does not have any responsive

records as he has not worked since he was terminated by DOH."[4] Ex. 5, at 4. This response appears to be based on a bad-faith reading of the request as calling for materials relating only to "work performed" by Plaintiffs. As explained immediately above, the operative portion of Request for Production No. 7 is its request for all documents relating to or reflecting all income, benefits, or moneys received by Plaintiffs from any and all sources (other than NMDOH) for the requested time period. *E.g.*, Ex. 2, at 10. The remainder of the request following the comma after "to the present" is illustrative surplusage and does not displace the actual document request. *Id.* Plaintiffs' strained reading demonstrates a transparent effort to deliberately misconstrue Request for Production No. 7 to avoid producing the requested materials. Moreover, both Plaintiffs have already stated they are receiving PERA and/or SSDI benefits—for example, in their respective supplemental answers to Interrogatory Nos. 5 and 6. *See* Ex. 5, at 2. Thus, there must be some documentary record of these benefit payments. Because Plaintiffs' supplemental responses to Request for Production No. 7 are transparently evasive and incomplete, Ms. Padilla respectfully requests the Court order Plaintiffs to separately supplement their responses to Request for Production No. 7 and to produce the materials requested without objection.

    **B.**    ***Responses/Objections Applicable to Rodriguez***

        1.    <u>Request for Production No. 5</u>

Request for Production No. 5 to Rodriguez asks him to produce copies of his federal and state income tax returns, including all schedules, W-2s and 1099s, from 2020 through the present. Ex. 1, at 9. In his supplemental response, Rodriguez claims he does not have these materials in his

---

[4] It is not clear to which Plaintiff Ms. Burke refers in this supplemental response. Accordingly, Ms. Padilla treats the response as applying to both Plaintiffs and seeks an order from the Court directing both Plaintiffs to supplement their responses and produce responsive information.

custody, possession, or control. Ex. 5, at 4. However, and as explained in her Motion to Compel Complete Discovery Responses from Plaintiffs (ECF No. 160), the Court has previously rejected this argument based on the reasoning that an individual can normally obtain copies of tax returns and similar documents from either the government or his or her employer. *Id.* at 16 (citing *Heaton v. Gonzales*, Civ. No. 21-463 JCH/KK, 2022 U.S. Dist. LEXIS 50651, at *32 n.13 (D.N.M. March 22, 2022) (Khalsa, J.)). Rodriguez' argument that he does not possess the requested materials, rather than there being some other barrier to obtaining said materials, misses the mark. Ms. Padilla respectfully requests the Court order Rodriguez to obtain and produce the materials requested in Request for Production No. 5 without objection.

### IV. MS. PADILLA IS ENTITLED TO AN AWARD OF THE EXPENSES AND REASONABLE FEES AND COSTS SHE INCURRED IN BRINGING THIS MOTION

As noted above, when the Court grants a motion to compel under Rule 37, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such payment if the movant filed the motion before attempting to resolve the discovery dispute in good faith; the opposing party's nondisclosure, response, or objection was substantially justified; or such award is unjust in light of other circumstances. *Id.*

Here, there was no basis for Plaintiffs to fail to verify their supplemental answers, and all the confusion over the scope of their answers and responses is attributable to the decision of their attorney to haphazardly consolidate Plaintiffs' supplemental answers and responses in contravention of the Court's Local Rules and the Federal Rules of Civil Procedure. Other issues

raised in this Motion could have been avoided had Plaintiffs and their counsel approached their discovery obligations with care and in good faith. For example, there is no excuse for Plaintiffs' failure to produce the documents listed in their original responses to Request for Production No. 2, or to check that the production they made with their supplemental response included all of the listed materials. Further, Plaintiffs' supplemental response to Request for Production No. 7 and Rodriguez' response to Interrogatory No. 4 demonstrate Plaintiffs' willingness to twist relatively straightforward discovery requests to obstruct Ms. Padilla's right to discovery. Accordingly, Ms. Padilla respectfully requests the Court award her expenses, including reasonable attorneys' fees, incurred in bringing this Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Ms. Padilla respectfully requests the Court enter an order directing Plaintiffs to: verify their supplemental interrogatory answers; re-serve their supplemental answers and responses in accordance with D.N.M.LR-Civ. 26.1(b); and to provide full, separate, and complete responses as set out herein. Ms. Padilla also respectfully requests the Court award to Ms. Padilla her expenses, including reasonable attorneys' fees, in bringing this Motion. Finally, Ms. Padilla respectfully requests all further relief which the Court deems just and proper.

Dated March 11, 2024.

-15-

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Joseph C. Haupt*
    Carol Dominguez Shay
    Joseph C. Haupt
    Philip B. Hunteman
    320 Gold SW, Suite 800
    Albuquerque, NM 87102
    Tel: (505) 224-9160
    Fax: (505) 224-9161
    cds@conklinfirm.com
    jch@conklinfirm.com
    pbh@conklinfirm.com

    *Attorneys for L. Teresa Padilla*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2024, a true and correct copy of the above was electronically filed with the Clerk of the Court by using the CM/ECF system which caused all counsel of record to be served by electronic means:

*/s/ Joseph C. Haupt*
Joseph C. Haupt