**Joseph Haupt**

| | |
|---|---|
| **From:** | Carol Dominguez Shay |
| **Sent:** | Tuesday, February 20, 2024 1:39 PM |
| **To:** | Joseph Haupt |
| **Subject:** | FW: Good Faith Response |

Carol Dominguez Shay
Conklin, Woodcock & Ziegler, P.C.
320 Gold Ave. S.W., Suite 800
Albuquerque, New Mexico 87102
Main: 505-224-9160
Fax: 505-224-9161
E-mail: cds@conklinfirm.com
www.conklinfirm.com

CONFIDENTIALITY NOTICE:  The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and it may be privileged.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by calling 505-224-9160, and delete the message.  Thank you.

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Monday, February 19, 2024 5:14 PM
To: Carol Dominguez Shay <cds@conklinfirm.com>; J.Haupt@traff-1.hugedomains.com
**Subject:** Good Faith Response

Good afternoon,

I am no longer sure who is the lead attorney on this case, so I'm including you both.
Here is our response to your good faith letter:

Rog #1 – Our objection stands.  The attorney client privilege protects communications between myself and my client, including whether or not I can be said to have been "assisting" either of the Plaintiffs with their responses.  I'm unclear what you are talking about as far as witnesses.  I am not, and cannot be, a witness in this case.

Rog #2 and 3 – Defendants DOH and Padilla have been clear about the boundary between them, and have used that to make our discovery efforts extremely burdensome.   Ms. Maynes has been clear that she represents Ms. Padilla for her DOH employment for claims which have been in the record with October 2021.  The discovery conducted by Defendant DOH are relevant to those claims, and made pursuant to the long agreed to limitations both in number and based on time.  The Court specifically denied amendment of claims during her employment at DOH, reasoning that everyone had notice of those claims and it was untimely to add them at this point, and therefore they were known for purposes of discovery as well. The newest claim is the only one which involves Ms. Padilla in her individual capacity does not involve DOH, but involves her employment at SPO.  To allow Defendant Padilla to gather additional discovery for DOH which is outside of their own limitations would be grossly unfair, and the procedural history of this case does not support it.

Rogs #5 and 6 -    Plaintiffs were originally seeking Punitive and EDD damages associated with the due process violation

1

Exhibit 5

Joshua Rodriguez:

I had 13 years to retire. At my last rate of pay I was earning $23.67 per hour or $49,233.60 per year. It has been 1280 days since I was terminated.  During that time I would have earned $172, 654.82, with an estimated $57,545.85 in lost benefits, equaling $230,200.67. As I am on disability SSDI and PERA, I have mitigated my damages by $96,408.64 to date, and so my total backpay to this point would be $133,792.03 (not assuming any raises)  In the remaining time I would have worked for the state, I would have earned $639,225.60, even assuming I did not get any promotions or raises.  Assuming a 3% annual increase I would have earned $987,794.62.  On my current disability income I will make only $515,736 during that time. That is a difference of $472,058.62 in expected earnings.   Assuming that I worked until my full 25 year retirement, it is likely I would have made around $73,300.32 annually at the time of my retirement, and received 75% of that as my retirement income, which would have been $54,225.24 a year. Instead, because of Defendants actions, I receive only about $14, 808 a year for my PERA benefits. Assuming I live to the average life expectancy of 77 years, I should have received $813,395.60 over that time in retirement benefits, and instead will only get $222, 120. (not including cost of living increases over time) That is a difference of $591,258.60 in expected retirement income.

My total economic losses are approximately $1, 197,109.25 including all mitigation.

Emotional distress damages are 3x the value of my lost wages, including lost expected retirement benefits would be $3,591,327.76

My current attorneys fees and costs are $36,084.11 for my SPB appeal which I paid myself.  This litigation fees and costs are currently approximately 64k(32k for my half).   I have agreed to pay my attorney 40% of the outcome of this litigation, less all statutory fees and costs awarded by the Court.

So far the total damages in my case are $4,856,521.12


Jeremy Rodriguez-Ortega:

I had 7 years to go until I retired at full benefit.  At my last rate of pay I was earning $24.25, or $50440 a year.  It has been 1216 days since I was terminated.  During this time, I would have earned $168,041.21 in wages, with an estimated $56,008.13 in lost benefits.  This equals $224,049.34 in backpay.  I am currently receiving PERA disability retirement income and have received approximately $70,469.26 to date.  This leaves a different of $153,580.08 in lost back pay.  I intended to work until I reached my 25 years. Assuming a 3% annual increase to account for paises and promotions, I would have earned $598,024.29 in wages and benefits over the 7 years after my termination. With my current PERA disability retirement mitigation, I will have lost $354,588.21 in expected income until I retired.

My income at retirement would have been approximately $62,024.84,  assuming a 3% increase for raises and any promotions.  I could have expected to receive 75% of that, or $46.526.13 a year.  Instead, my disbursement is only $22,464 a year.  Assuming I live to the average life expectancy of 77 years of age, I will have lost about $529,366.86 in expected PERA benefits.

When Defendants interfered with my FMLA leave and marked me AWOL, I was denied the right to use paid leave and/or leave donations.  This cost me approximately $2400.75 in lost wages, not include the value of the loss of accrued leave and PERA.

My total wage and retirement damages are approximately $1,039,935.90.  FMLA provides for liquidated damages at another $1,039,935.90.

My emotional distress damages, valuing them at 3x my wage loss is $3,119,807.70

My attorney's fees and costs for my SPB appeal were $18,460.  My current costs and fees for this litigation are approximately $64k (32k my half)    I have agreed to pay my attorney 40% of the outcome of this litigation, less all statutory fees and costs awarded by the Court.

So far, the total damages in my case are $5,250,139.50

Rogs 12 and 13 – Plaintiffs stand on their objections.

Rogs 15 and 16  for Mr. Rodriguez- Ortega, 14 and 15 Rodriguez – These requests have nothing to do with the claims against LTP, and should easily be discernable by all Defendants.  The individual identified was Vandora Montoya.

JRO Rog 4 – This Rog seeks information outside of the claim against Defendant Padilla.  While Plaintiff will accept Defendant Padilla's statement that this meeting is the cause of her animosity towards him, it still is not relevant to the due process claim.  (This was also covered repeatedly in his deposition)

JRO Rog 12 – Marti Rodriguez is Plaintiffs' mother.

JR Rog 4 and 7 -  It is already established in the record that Plaintiff is on disability which is not directly related to the claim against Defendant Padilla.   Plaintiff was forced onto disability by his termination and could not find another job which would have given him FMLA benefits, on day one.  It is unknown whether Plaintiff could have worked at any time had he still had the benefits of his state position.  As such, he cannot answer Rog 4 as written.
Rog 7 has no responsive info.

JR Rog 8 – The answer is that there is no information responsive to this request.  Mr. Rodriguez spent the first year hoping to get reinstated to his position.  Just after he was denied reinstatement, a matching kidney was found which qualified him for SSDI.

JR Rog 11 – This request does not ask Plaintiff to identify whether people ever worked for DOH, and he does not know any current titles.

RFP 2 – While none of this list is likely relevant to the claims against Defendant Padilla, we believe they are already in the record as exhibits in the SPB hearing,  MSJ exhibits, and exhibits in the depositions in this case.   It's possible we will be amending this list to include exhibits specific to Defendant Padilla, but likely won't know until her deposition.   See download link below

RFP 3 and 4 – It is unclear why you state that the question of retaliation against Mr. Rodriguez is related to the Due Process claim against Defendant Padilla.  Nor are we aware of specific documents regarding damages.

RFP 12 –  Plaintiff reiterates his objection as this request could cover an unlimited number of people and an unlimited subjects.  Undersigned counsel communicated on behalf of other clients which are not relevant to this action.    To the extent that this request is for documents regarding Plaintiff, there were communications with SPO throughout the SPB appeal.   We will provide a link for those documents below.  JRO JR000198-000305

RFP 14 – Plaintiff objected because this request includes multiple requests and it is not clear what their disabilities have to do with Defendant Padilla's due process violation.  However, to the extent that Defendant Padilla believes she is liable for some or all of their back and front pay damages, Plaintiff can certainly provide a release for their medical

records.   However, they continue to object to signing a release of educational records, and there are no other employers so an employment release is not relevant.   Plaintiff will supplement with this release.

RFP 5 – Plaintiff does not have his tax returns in his custody or control.  He provided a release for this information to Defendant DOH.  That is all the information he has.   (It is interesting that Defendant Padillia states it is not credible to not have tax returns in one's possession because Defendant Padilla herself claimed to have NO documents regarding her own employment, including hiring info, resignation info, pay information, tax information or any other information in her own custody or control.)

RFP 7 – This requests information for income from "work performed" by Plaintiff.  He does not have any responsive records as he has not worked since he was terminated by DOH.

RFP 6 – A link to these emails and the emails for Mr. Rodriguez will be provided below.   JRO JR000198-000305

RFP 5 – Mr. Rodriguez does not have tax records in his custody or control.

RFP 6  -  Plaintiff objects to the extent that this requests information regarding DOH.   It is duplicative of RFP 12 in respects to SPO and a link will be provided.  JRO JR000198-000305

Here's the link for the files:

https://gofile.me/7b0ul/j4YGcE3zZ

PW:  ODTfFHkVg961AK5mRCJv


Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com