**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JEREMY RODRIGUEZ-ORTEGA AND
JOSHUA RODRIGUEZ,

                  Plaintiffs,

vs.                                         No. 1:21-cv-01129-JCH-KK

DAVID RICH, KENNETH LUCERO,
in their official and individual capacities, L. TERESA
PADILLA, in her individual capacity,
AND NEW MEXICO DEPARTMENT OF HEALTH

                  Defendants.

## <u>THE PARTIES' JOINT STATUS REPORT ADDRESSING EFFORTS MADE TO RESOLVE DISCOVERY DISPUTES</u>

        Pursuant to the Court's Order, [Doc. 145 and 199], the parties respectfully submit this Joint Status Report addressing the efforts made to resolve discovery disputes. All parties attended a ZOOM conference on May 8, 2024, and discussed each motion in detail for approximately two hours:

        Heather Burke of Burke Law, attorney for Plaintiffs.

        Paula G. Maynes  of Miller Stratvert, P.A. attorney for DOH Defendants.

        Carol Dominguez Shay of Conklin, Woodcock & Ziegler, P.C., attorney for Defendant L. Teresa Padilla.

I.       **Status of Issues subject to the Order entered on April 20, 2024 Doc. 196.**

1. Plaintiffs' Motion for Rule 16 Sanctions (Doc. 145)
2. Plaintiffs' Motion for Reconsideration (Doc. 146)
3. Plaintiffs' Motion to Compel Discovery from Defendants Rich, Lucero and DOH (Doc. 148)
4. Defendant L. Theresa Padilla's Motion to Compel Complete Discovery Responses from Plaintiffs (Doc. 160)
5. Defendant L. Theresa Padilla's Motion to Compel Plaintiffs' Supplemental Discovery Responses (Doc. 174)

6. Plaintiffs' Opposed Motion to Strike and for Sanctions Against Defendants Rich, Lucero, and DOH (Doc. 181)

**PLAINTIFF'S POSITION**

All pending motions for Plaintiffs are still live as the issues within have not been resolved

**Motion #1. Plaintiff's Motion for Rule 16 Sanctions**

Defendants have twice moved to vacate the settlement conference and have received, but never responded, to Plaintiffs' settlement demands. Plaintiffs' demands were substantially similar both times because Defendants had not provided any information with which to modify the demand. Both demands were well supported mathematically, regardless of whether Defendants liked the numbers. This Court's order specifically states that it is not sufficient for parties to merely reject numbers, they must offer their own. Defendants claim that they were entitled to not participate in this process in good faith because they "had no way to know" what Plaintiffs' offer would be. But their duty to a good faith counter offer is not contingent on their agreement with Plaintiffs' opening offer. Defendants are likely correct that this Court cannot compel them to settle, but it can enforce compliance with its orders. Defendants could, and should have, served a counter-offer even if they ultimately wanted to move to vacate the conference. Plaintiffs have now laid their cards on the table twice, and Defendants have refused to show any of their own. This Court's Rule 16 order would have no value if Defendants duty to a good faith counter-offer is as optional as they claim. Plaintiffs believe they are entitled to costs and fees for the time wasted by Defendants.

**Motion #2. Plaintiffs' Motion for Reconsideration of Court's Denial of Motion for an Order to Show Cause against the New Mexico State Personnel Board or Office, a Nonparty.**

This Court has previously denied Plaintiffs' Motion to Show Cause, reasoning that SPO was a 3rd party which was not properly served with the Motion. However, SPO itself has since produced privilege logs claiming that various emails between itself and Ms. Maynes involving this

Court's order to transmit the record and Plaintiffs' Motion to Show Cause, are protected by

attorney-client privilege. If Plaintiffs and the Court accept SPO's representations that their

communications with Ms. Maynes are protected by atty-client privilege, then they were properly

served the Motion to Show Cause through Ms. Maynes.  Otherwise, none of their communications

with Ms. Maynes and/or Miller Stratvert are protected by privilege and they must be produced.

> **Motion #3.   Plaintiffs' Motion to Compel Discovery [Against Rich, Lucero and the Department of Health].**

Defendants have produced zero discovery responses in the form requested.  Plaintiffs

requested native electronic format, with metadata preserved.  Defendants have completely refused

to do so.

Plaintiffs' Motion to Compel covers the following issues:

1. Information to evaluate the adequacy of Defendants discovery search, given the sheer number of missing documents.
2. List of employees who had discipline imposed for Sexual Harassment
3. Employment information for Defendants Rich and Lucero
4. Information about whether intended discipline was actually imposed for each NCA
5. Identification of the policy allowing verbal counseling statements to be used after one year.
6. Text and emails between Rich and Plaintiff Rodriguez-Ortega
7. Texts and emails between Rich and L. Teresa Padilla
8. Texts and emails between Mr. Rodriguez-Ortega and his coworkers
9. Texts and emails between Mr. Rodriguez-Ortega and Defendant Padilla
10. Billing statements and/or invoices from Miller Stratvert for defense costs.
11. Interview and application records for Vaccine Outreach Coordinator position
12. Any and all investigation reports for all employee reports of sexual harassment at DOH
13. Emails and texts between Ken Lucero and David Rich
14. Any and all NCA and/or NFAs which rely on verbal counseling statements issued more than a year before the NCA/NFA.

#1 on this list involves Defendants abject refusal to answer a standard Rog which allows

Plaintiffs to evaluate the adequacy of Defendants search.  If they had timely responded to this

request and had identified the fact they never bothered to ask Ms. Cruz whether she had any

records in her possession, Plaintiffs could have pressed that concern.  Defendants intentionally have obscured their lack of effort in discovery and then reveal that they only started asking questions about this topic for their own MSJ.  The fact in a 4 year span of time, they allegedly never thought to ask the people on the hiring committee about the hiring of the position in question defies reason.  It also is impossible because they produced Ms. Cruz's own interview scoresheet 4 years ago.  It is unclear where they could have gotten her own personal documents other than from her.  But most importantly to the Motion to Compel, Defendants production of documents is still woefully incomplete.  It still fails to include sufficient documents for Plaintiffs to evaluate the credentials of those interviewed and particularly the person selected, who had no state experience, does not appear to have administered any vaccine outreach program before, and only ended up working in the position for about 2 months.


**Motion #4 and 5.  Defendant Padilla's Motion to Compel and Supplemental Motion to Compel.**

At the videoconference held on May 8, 2024, Defendant Padilla stated that the only issue still remaining was clarification of documents which appear to be from the initial disclosure document list.  Plaintiffs will locate the bates numbers of these documents and provide them to Defendant Padilla.

It appears that Defendant Padilla is representing more to be missing in this report, but it is unclear why the others are still included.  One of the issues has been Plaintiffs tax forms. Defendant DOH et al requested tax return releases which were signed by both Plaintiffs. However, Defendants never communicated to Plaintiffs that they had been unable to execute these releases, until Plaintiffs asked for copies of those releases.  At that time, Plaintiffs endeavored to obtain copies of their returns.

4

Plaintiff Rodriguez served 5 years of tax returns on March 11, 2024. At the time had not filed his 2023 tax returns.   Defendant Padilla did not identify this specific tax return as missing in the JSR conference or any other time until the instant document. Plaintiff has provided it.

Plaintiff Rodriguez-Ortega encountered some issues getting his 2020 tax return, which he is still attempting to obtain.

Defendant Padilla had never requested verification of responses until Wednesday May 8, 2024. This is not part of either of her motions to compel, nor did she attach any verification form to her discovery requests.  For reasons which are unclear, she has refused to provide Plaintiffs with a verification form and insists that Plaintiff must make their own.  Plaintiffs are happy to sign them, but object to Defendant Padilla's ambush tactics and her attempt to make it seem as though Plaintiffs have refused to produce them for an extended period.


**Motion #6:  Plaintiff's Motion to Strike and for Sanctions against DOH Defendants.**

This Motion is very much alive and needs resolution for all issues within it.

Plaintiffs requested discovery of the vaccine outreach coordinator documents including applications, scoresheets, resumes, etc 4 years ago during discovery for the SPB appeal.  They were given only Katie Cruz's ranking of the applicants, Plaintiff Rodriguez's interview forms, and one redacted one.  For the next four years, Defendants refused to produce any.  They represented to this Court that they had exhaustively searched and not found any, and then 6 days later, just before they filed an MSJ they intended to use them for, they produced some more. They now claim that it was completely reasonable to have allegedly never asked Katie Cruz if she had any responsive documents which makes no sense because the ranking document they produced four years ago was clearly Katie Cruz's own.  More importantly, she purports to swear to knowledge of third parties, and includes only part of an email chain and swears to things

which the other part of the chain evidence as false. Both Katie Cruz and Defendant Rich's
affidavits contain material misrepresentations and must be stricken.  Defendants failed to
properly disclose or make available witnesses and as a result those witnesses must be prohibited
from being called.

In addition, Defendants failed to properly prepare their 30(b)(6), and ordered one of them
not to answer questions on clearly relevant policies within his personal knowledge which they
had failed to produce in discovery.

## DOH DEFENDANTS' POSITION

**Motion #1.  Plaintiff's Motion for Rule 16 Sanctions [against DOH Defendants]** seeks
sanctions against DOH for asking to vacate the second settlement Conference setting under the
amended Rule 16 order following the October, 2023 hearing addressing DOH's first motion to
vacate a settlement conference.  Plaintiffs contend that the Scheduling conference order compels
both DOH and Padilla to value the Plaintiffs' potential damages and admit that they are owed
damages to some dollar extent.  DOH Defendants contend that they had no way to know what
value or computation of damages the Plaintiffs would seek in their second opening offer.  The
offer/demand was identical to the original and was so high that DOH defendants had no reasonable
framework within which to respond.    DOH contends that it cannot be compelled to settle, nor can
it be compelled to make an offer of settlement when they have evidence that the Plaintiffs' claims
for backpay, front pay, and multiples of those values for emotional distress are illusory.  Plaintiffs'
sworn testimony establishes that they could not work at all following their terminations from DOH,
whether that argument is understood as a failure of proof of damages or a failure to mitigate one's
damages.

**Motion #2.   Plaintiffs' Motion for Reconsideration of Court's Denial of Motion for an Order to Show Cause against the New Mexico State Personnel Board or Office, a Nonparty.**

DOH Defendants take the position that there is no jurisdiction in this Court to impose sanctions against or enter a Show Cause order against a non party: the State Personnel Office over its alleged delay or negligence in forwarding the record proper from the State personnel Board appeals to the federal court for filing. These arguments were made at the original hearing on Plaintiffs' motion for an OTSC and the Court agreed that it lacked jurisdiction to enter an OTSC against the State Personnel office. Plaintiffs persist in making unsupported assertions that SPO and DOH are "conspiring" to deny Plaintiffs due process, without evidence to support those assertions.  At this point, Defendants ask the Court to consider sanctioning Plaintiffs for making spurious arguments and motions. To the extent that Plaintiffs rely upon a privilege log prepared by SPO's defense counsel Leigh Messerer in response to a subpoena issued by the Plaintiffs, identifying certain email messages between Miller Stratvert and Dylan Lange [SPO's General Counsel] as attorney client privileged communications, DOH Defendants are not responsible for that designation and did not assert such a privilege to the Plaintiffs.

**Motion #3.   Plaintiffs' Motion to Compel Discovery [Against Rich, Lucero and the Department of Health].**

DOH Defendants believe that the only "open" issues regarding response in this Motion are the issues related to David Rich's email with Jeremy Rodriguez-Ortega, which was produced by supplemental production on February 26, 2024 [Doc. 165] [Item #6, on p. 4 of Plaintiffs' motion to compel] and "hiring documents" related to Joshua Rodriguez's December 2019 application for a vacant position of Vaccine Outreach Coordinator [Item #11 on p. 4 of Plaintiffs' motion to compel]. The original limited production in response to the hiring documents request was supplemented on February 26, 2024.  Defendants have explained that the only David Rich email

documents they have for production are those that Plaintiffs had already received in the context of the SPO appeal, which has remained true throughout. Plaintiffs objected that those documents, many of which were used as exhibits in the appeal hearing, lacked Bates numbering reflecting production in this lawsuit and the Defendants renumbered and re-produced them the next day. With regard to the hiring documents, Defendants received additional documents from Kathryn Kruz, a DOH employee who was involved in the 2019 hiring committee. Ms. Kruz no longer works in either the Vaccine Outreach office or in DOH's HR office and therefore, did not search her files when the original requests were researched. Upon discovery of these additional documents, DOH numbered and produced them as supplementary to their prior responses.

Plaintiffs contend that all of the categories of deficiency identified on Page 4 of their Motion to Compel are still "live" issues for response. DOH Defendants stand on their original responses/productions and their objections to scope for those items in addition to categories.

**Motion #6:  Plaintiff's Motion to Strike and for Sanctions against DOH Defendants.**

DOH Defendants contend that the Kathryn Cruz affidavit supporting their Motion for Summary Judgment seeking dismissal of certain of Joshua Rodriguez's claims for lack of a causal connection is proper and permissible in support of a Rule 56 motion.  Plaintiffs make a collateral attack upon the Cruz affidavit because they did not depose or attempt discovery in this lawsuit of any information regarding the hiring committee for the Vaccine Coordinator position, other than a request for production of documents.    Counsel for Plaintiffs announced at the hearing held on October 10, 2023 that the Plaintiffs did not need discovery because they had pursued all necessary discovery in the SPO appeal proceeding.     That appeal did not address their WPA or NMHRA claims.     There is no basis in the procedure to date to strike Ms. Cruz's affidavit, nor is there any basis for imposition of sanctions against DOH for submitting it.

### DEFENDANT L. TERESA PADILLA'S MOTIONS

Ms. Padilla rejects Plaintiffs' mischaracterization of the issues discussed at the May 8, 2024 videoconference between the parties, as well as the omission of a May 10, 2024 email communication wherein Ms. Padilla again explained to Plaintiffs' counsel the Federal Rules of Civil Procedure regarding verification of interrogatories. Ms. Padilla also rejects Plaintiffs' mischaracterization of her discovery motions and the content therein.

Given the overlapping issues and in the interest of clarity, Ms. Padilla incorporates by reference the arguments set forth in her Response to Plaintiffs' Motion for Rule 16 Sanctions (ECF No. 145) and adopts by reference the above-stated position of DOH Defendants with respect to Plaintiffs' Motion for Rule 16 Sanctions (Motion #1) (ECF No. 145). Ms. Padilla also adopts, by reference, DOH Defendants' above-stated position regarding Plaintiffs' Motion for Reconsideration of Court's Denial of Motion for an Order to Show Cause against the New Mexico State Personnel Board or Office, a Nonparty (Motion #2) (ECF No. 146). Ms. Padilla takes no position on the motions directed solely at DOH Defendants: Plaintiffs' Motion to Compel Discovery from Defendants Rich, Lucero, and DOH (Motion #3) (ECF No. 148); and Plaintiffs' Opposed Motion to Strike and for Sanctions against Defendants Rich, Lucero, and DOH (Motion #6) (ECF No. 181).

As it concerns the motions filed by Ms. Padilla, Ms. Padilla sets out below the remaining issues set forth in her Motion to Compel Discovery Responses ("Padilla's Motion to Compel") (Motion #4) (ECF No. 160) and Motion to Compel Regarding Plaintiffs' Supplemental Discovery Responses ("Padilla's Motion to Compel Supplemental Responses") (Motion #5) (ECF No. 174) together and as follows:

**Issues Resolved/Not Pursued:** First, although Plaintiffs have not conceded or tried to resolve matters at issue in Ms. Padilla's Motion to Compel or Motion to Compel Supplemental

Responses, for the sake of judicial efficiency, Ms. Padilla will pursue only the controversies discussed below and will consider all remaining issues in those motions to be resolved. However, Ms. Padilla does not waive her request for reasonable costs and attorneys' fees.

**Plaintiffs' Responses to Ms. Padilla's Request for Production No. 2**. Arguments regarding Plaintiffs' Responses to Request for Production ("RFP") No. 2 are set forth in Ms. Padilla's Motion to Compel Supplemental Responses, pp. 10-11. Ms. Padilla asked Plaintiffs to produce all documents which they contemplate, or could reasonably contemplate, using as exhibits or otherwise at any hearing or trial in support of any claim or to refute any defense in this lawsuit. In response, both Plaintiffs provided a list of documents with vague descriptions of categories (e.g., "Investigation Interviews") and eventually produced various documents. However, with few exceptions, there are no attached or bates numbered documents among those produced that correspond with the list, or any indication as to where the documents might be found in the record. Ms. Padilla asks that the documents be provided, or that Plaintiffs point with specificity which documents in the record correspond to the categories in the list. Ms. Padilla further requests that counsel confirm that there are no other documents that are responsive to the requests.

**Plaintiffs' Responses to Ms. Padilla's RFP No. 4**. Arguments regarding Plaintiffs' Responses to RFP No. 4 are set forth in Ms. Padilla's Motion to Compel, p. 3. Plaintiffs were asked to produce all documents which support, provide evidence of, or relate to any of their claims for damages alleged in the Second Amended Complaint. Plaintiffs originally objected, saying this was not relevant (notwithstanding that this is a category of materials which must be made available for discovery as part of a party's initial disclosures) and that Ms. Padilla was improperly seeking discovery for DOH defendants. Plaintiffs reiterated this objection in their formal supplemental responses, and in their response to Ms. Padilla's Motion to Compel, they argued they have no documents supporting their damages. *See* Plaintiffs' Response to Ms. Padilla's Motion to Compel

(ECF No. 171), p. 7. Representations by counsel in a brief are not proper responses to discovery requests. If Plaintiffs have no documents to support their discovery requests, Ms. Padilla requests that they so state in a formal response with an accompanying certificate of service.

       **Plaintiffs' Responses to RFP No. 5**. Arguments regarding Plaintiffs' Responses to RFP No. 5 are set forth in Ms. Padilla's Motion to Compel, pp. 15-16. In RFP No. 5, Plaintiffs were asked to produce tax returns from 2020-2023. Joshua Rodriguez has produced tax returns from 2020-2022. He has not produced his 2023 tax returns and is requested to do so. Plaintiff Jeremy Rodriguez-Ortega has not produced his 2020 tax returns and is requested to do so.

       **Plaintiffs' Responses to RFP No. 7**. Arguments regarding Plaintiffs' Responses to RFP No. 7 are set forth in Ms. Padilla's Motion to Compel Supplemental Discovery, pp. 11-12. Plaintiffs were asked to produce all documents relating to or reflecting all income, benefits, or monies received by them from any and all sources (other than NMDOH) from July 25, 2020 to the present. To resolve this matter, Ms. Padilla will accept Plaintiffs' tax returns, and, if they have received income or benefits, Ms. Padilla asks that they also produce documentation verifying the source of that income/benefits.

       **Verifications**. Ms. Padilla continues to request that Plaintiffs provide signed verifications for their interrogatory answers. She will accept verifications for their formal supplementation served on March 11, 2024 as sufficient for all interrogatories.

Respectfully submitted,

MILLER STRATVERT P.A.


By: *Agreed to electronically 5/13/24*
    Paula G. Maynes
    *Attorneys for Defendants*
    P.O. Box 1986
    Santa Fe, NM 87504-1986
    Telephone: (505) 989-9614
    Email:  pmaynes@mstlaw.com


By: *Agreed to electronically 5/13/24*
    Heather Burke
    Attorney at Law
    *Attorney for Plaintiffs*
    1000 Cordova Place #24
    Santa Fe, New Mexico 87505
    Telephone: (505) 428-9424
    Email: heather@hburkelaw.com


By: */s/ Carol Dominguez Shay*
    Carol Dominguez Shay
    Joseph Haupt
    Philip Hunteman
    *Attorneys for Defendant Padilla*
    Conklin, Woodcock & Ziegler, P.C.
    320 Gold Ave., Suite 800
    Albuquerque, NM 87102
    Telephone: (505) 224-9160
    Email: cds@conklinfirm.com;
    jch@conklinfirm.com;pbh@conklinfirm.com