IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEREMY RODRIGUEZ-ORTEGA and**
**JOSHUA RODRIGUEZ,**

      **Plaintiffs,**

v.                                                          Civ. No.  21-cv-01129 JCH/KK

**DAVID RICH, KENNETH LUCERO,**
**in their official and individual capacities,**
**L. THERESA PADILLA, in her individual capacity,**
**And NEW MEXICO DEPARTMENT OF HEALTH,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' *Opposed Motion to Strike Defendants' Untimely Answer Including Affirmative Defenses* (ECF No. 95). Plaintiffs argue that striking Defendants' Answer (ECF No. 76) is warranted because it was untimely, Defendants failed to show excusable neglect to justify their belated filing, and Plaintiffs suffered prejudice by reasonably relying on Defendants' admissions of fact in drafting Plaintiffs' motion for summary judgment. Defendants NMDOH, Rich, and Lucero (collectively, "Defendants") admit to the belated filing, but argue that Plaintiffs cannot show prejudice, noting that Defendants have since filed their Answer to the first amended complaint, Plaintiffs filed a second amended complaint to add a new Defendant and claim, and discovery is ongoing. The Court, having considered the motion, briefs, evidence, and applicable law, will deny the motion to strike.

I.   **BACKGROUND**

On October 12, 2021, Plaintiffs Jeremy Rodriguez-Ortega and Joshua Rodriguez filed a complaint in state court, asserting claims against David Rich, Kenneth Lucero, and the New Mexico Department of Health ("NMDOH") for violations of the Family and Medical Leave Act ("FMLA") and other state law claims. (Compl., ECF No. 1-1.) After Defendants removed the case to federal court, Plaintiffs filed an amended complaint (ECF No. 18), and Defendants filed a motion to dismiss (ECF No. 23). On February 9, 2023, the Court granted the motion as to certain theories of liability but denied it as to the dismissal of claims. (*See* Mem. Op. and Order 32, ECF No. 26.) On February 23, 2023, Defendants filed a *Notice for Extension of Time to Respond* (ECF No. 29), informing the Court that Plaintiffs agreed Defendants could respond to the complaint on or before March 9, 2023. Defendants, however, did not file an answer on or before that date.

On May 25, 2023, Plaintiffs filed an opposed motion to amend with a proposed second amended complaint seeking to add claims against L. Theresa Padilla in her individual capacity to the case. (*See* Pls.' Mot. to Amend, ECF No. 38.) Defendants filed a response (ECF No. 39) in opposition to the motion on June 15, 2023.

On September 15, 2023, Plaintiffs filed a *Motion for Protective Order and Quash Deposition Notices and for Entry of Default as to Defendants' Liability* (ECF No. 55). Plaintiffs also subsequently filed an amended motion for summary judgment, relying in part on allegations of the complaint that they argue should be deemed admissions, given the failure of Defendants to file an answer. (*See* Pls.' Mot. for Summ. J. 15-16, ECF No. 74). Thereafter, on September 29, 2023, Defendants filed their Answer (ECF No. 76) to the first amended complaint. The Honorable Kirtan Khalsa entered an order on the non-dispositive portions of the motion. (Order 1, ECF No. 89.) Among other things, she extended deadlines related to the at-issue discovery and ordered

Plaintiffs to notify the Court whether they would withdraw their request for entry of default on liability. (*Id.* at 2.) On October 20, 2023, Plaintiffs filed their *Opposed Motion to Strike Defendants' Untimely Answer Including Affirmative Defenses* (ECF No. 95) at issue here. Three days later, Plaintiffs filed a *Notice of Withdrawal of Relief Requested* (ECF No. 99), stating that they were withdrawing their request for a separate default judgment as to liability, instead preferring to pursue relief for Defendants' failure to deny the factual allegations in the complaint through their motion for summary judgment. This Court then entered an order (ECF No. 101) denying as moot Plaintiffs' request for entry of default on Defendants' liability.

Subsequently, this Court entered a Memorandum Opinion and Order (ECF No. 104) granting in part and denying in part Plaintiffs' first motion to amend their complaint. The Court granted Plaintiffs' request for leave to amend the complaint to add the due process claim in Count IX against Padilla in her individual capacity under 42 U.S.C. § 1983, because Defendants did not object to the request to add that specific claim. (Mem. Op. and Order 7-8, ECF No. 104.) On November 1, 2023, Plaintiffs filed their second amended complaint (ECF No. 106), adding their due process claim against Defendant Padilla. Defendants NMDOH, Rich, and Lucero filed an Answer (ECF No. 112) to the second amended complaint on November 14, 2023. Defendant Padilla filed an opposed motion to dismiss the complaint against her (ECF No. 118).

## II.     LAW

When a defendant files a motion under Rule 12 and the court denies the motion, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). The failure to file a requisite responsive pleading will result in the allegations of the complaint, other than allegations relating to the amount of damages, being deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). *See also Burlington Northern R. Co. v. Huddleston*, 94 F.3d 1413,

3

1415 (10th Cir. 1996) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.").

A court may extend a deadline for "good cause." Fed. R. Civ. P. Rule 6(b)(1). When the deadline has already passed, the Court may extend the time for filing "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A finding of excusable neglect depends on four factors: (1) the danger of prejudice to the party not seeking the extension; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking the extension of time; and (4) whether the party seeking the extension acted in good faith. *Perez v. El Tequila*, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The third factor is the most important, and an inadequate reason for the delay may by itself be enough to reject a finding of excusable neglect. *Id.* But, at bottom, the inquiry as to whether the neglect at issue will be "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

### III.  ANALYSIS

It is undisputed that Defendants failed to file a timely answer to the first amended complaint. This Court entered its Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss on February 9, 2023. Defendants sought an extension from Plaintiffs until March 9, 2023, to respond to the pleading, but failed to do so until September 29, 2023, over six months late. Defendants acknowledge the untimeliness, but they argue that it was not the result of bad faith, but rather, an omission. Defendants contend that Plaintiffs have suffered no prejudice from the delay, noting that by May 2023 Plaintiffs sought to amend the complaint to

4

add another party, which the Court granted, in effect resetting the case and requiring discovery to proceed anew with the newly added defendant.

The Court finds that the delay did not cause prejudice to Plaintiffs, so the first factor weighs strongly in favor of Defendants. Although Defendants belatedly filed their Answer, Defendants have otherwise actively defended this case. They initially filed a motion to dismiss in lieu of an answer and later filed a response objecting to Plaintiffs' request to file a second amended complaint. Moreover, after the Court permitted Plaintiff to file a second amended complaint, Defendants timely filed an Answer to that complaint, now the operative complaint in this case. Moreover, discovery in this case is ongoing. The Court vacated the trial, and it has not yet been rescheduled because of the continuing discovery and numerous pending motions. That Plaintiffs filed a motion for summary judgment relying on the admitted answers before Defendants filed their Answer does not create sufficient prejudice to justify the severe sanction of striking Defendants' Answer under the circumstances here, as explained below.

As for the second factor, the over six-month delay is considerable and weighs in Plaintiffs' favor. However, the delay's impact on the judicial proceedings is minimal because the posture of the case changed when Plaintiffs moved on May 25, 2023, to file a second amended complaint. At that point Defendants were faced with a potentially new complaint and responded to that motion to amend. The Court subsequently allowed Plaintiffs to file a second amended complaint to add Defendant Padilla, to which Defendants filed a timely answer. The addition of Defendant Padilla to the case changed the trajectory of the case and required considerable additional discovery. The impact of the delay in filing the answer to the first amended complaint was very limited and thus this second factor only weighs minimally in favor of Plaintiffs.

Turning to the third factor, Defendants assert that the reason for the delay was not for bad faith reasons but was an "omission." They note that by May 2023 Plaintiffs sought to amend the complaint to join another party, and that the principal counsel from the law firm defending the case left and turned the case over to co-counsel on or about August 11, 2023. According to defense counsel, once the admission was discovered, Defendants filed their Answer. Plaintiffs point out, however, that Plaintiffs filed their motion for entry of default on September 15, 2023, but Defendants did not answer until September 29, 2023. Moreover, Defendants did not file a motion to extend the deadline for that belated filing as contemplated by Rule 6(b)(1)(B). That Defendants missed the deadline for filing an answer after they requested an extension is particularly careless and negligent. The reason for the delay in this case was in the reasonable control of Defendants. This third factor thus favors Plaintiffs.

The fourth factor is whether Defendants acted in good faith. Here, the circumstances surrounding the delay do not point to bad faith on the part of the Defendants. Defendants proffer that the failure was an "omission." (Defs.' Resp. 3, ECF No. 109.) Plaintiffs assert that Defendants have indicated that their failure was intentional based on Defendants' statement in their response that it "was reasonable for the Defendants to believe that the case would change if any part of Plaintiffs' motion to amend were to be granted," (Defs.' Resp. 2, ECF No. 109). The Court, however, does not interpret this statement that Defendants made to show a lack of prejudice to mean that Defendants intentionally chose not to file an answer, which would be a perplexingly poor legal strategy. Instead, the Court finds based on the record that Defendants' failure was an oversight, not intentional or done in bad faith, so this factor weighs slightly in favor of Defendants.

Weighing the four factors, the Court finds that the lack of prejudice due to the belated filing of the Answer to the first amended complaint is the strongest factor here, tilting the balance of all

the factors in favor of Defendants. As the Supreme Court noted, the inquiry is essentially an equitable one. This Court's strong preference is to resolve cases on their merits. The goal of trying the case on the merits where the neglect caused no prejudice weighs in favor of finding that Defendants' untimely Answer was the result of excusable neglect. Good cause thus exists for allowing Defendants' untimely Answer to the first amended complaint to stand, particularly where the posture of the case changed when Plaintiffs filed their motion to amend the complaint and Defendants subsequently filed a timely Answer to the second amended complaint. Because the Court is denying Plaintiffs' motion to strike, the Court will not enter an award of fees and costs associated with the briefing on the motion to strike.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Opposed Motion to Strike Defendants' Untimely Answer Including Affirmative Defenses* (**ECF No. 95**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE